UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

MIRABILIS VENTURES, INC.,

Debtor
_____/

Case No.: 6-08-bk-04327-KSJ

Chapter 11

MIRABILIS VENTURES, INC.,

       Plaintiff,

v.

RACHLIN COHEN & HOLTZ, LLP, a
Florida limited liability partnership nka
RACHLIN, LLP; LAURIE S. HOLTZ, an
individual; and JOSE I. MARRERO, an
individual,

       Defendants.
_____/

Adv. Pro. No.: 6:08-ap-00223-KSJ

**DEFENDANTS RACHLIN COHEN & HOLTZ, LLP, LAURIE S.
HOLTZ, AND JOSE I. MARRERO'S MOTION TO DISMISS
PLAINTIFF MIRABILIS VENTURE, INC.'S COMPLAINT**

Pursuant to Rules 8(a), 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Rachlin Cohen & Holtz, LLP, Laurie S. Holtz and Jose I. Marrero ("Defendants") move the Court to dismiss Plaintiff Mirabilis Ventures, Inc.'s ("Plaintiff") Complaint ("Complaint") (D.E. 1) without prejudice for failure to state a claim upon which relief may be granted.

## INTRODUCTION

Mirabilis Ventures, Inc., the debtor in this bankruptcy proceeding, has been indicted on seventeen counts of federal tax law violations, including conspiracy and wire fraud.[1] Mirabilis's principal, Frank Amodeo, has likewise been indicted and has pled guilty to diverting more than $150 million in federal payroll taxes.[2] During his plea colloquy, Amodeo admitted under oath that he knew such actions were illegal.[3] Soon after Amodeo's guilty plea, Mirabilis filed for bankruptcy under chapter 11.

After filing for bankruptcy, Mirabilis filed adversary proceedings in this Court against various professionals who had provided services to the company.[4] Former law firms, lawyers, accounting firms, and accountants all were targeted by Mirabilis for their alleged failure to apprise Mirabilis of the illegality in failing to collect and remit payroll taxes. In this case, Mirabilis sued two accountants and their firm in tort alleging five causes of action: negligence, breach of fiduciary duty, negligent misrepresentation, professional negligence, and negligent supervision. Each of these counts seeks money damages in excess of $200,000,000.00.

The crux of the Plaintiff's Complaint seems to be that the Defendants failed to advise Mirabilis that collected payroll tax funds cannot be used to pay for services rendered in the ordinary course of business, to pay unsecured creditors, and to refinance the secured creditors.

---

[1] *U.S. v. AEM, Inc., d/b/a Mirabilis HR, AQMI Strategy Corporation, Hoth Holdings, LLC, Mirabilis Ventures, Inc., Presidion Solutions, Inc., Professional Benefit Solutions, d/b/a Presidion Solutions VII, Inc.*, Case No. 6:08-cr-00231-JA-KRS (D.E. 30).
[2] *U.S. v. Amodeo*, Case No. 6:08-cr-00176-JA-GJK-1 (D.E. 1) (charging Amodeo with five counts including conspiracy, failure to collect and remit payroll taxes, and obstruction of an agency proceeding).
[3] *U.S. v. Amodeo*, Case No. 6:08-cr-00176-JA-GJK-1 (D.E. 41).
[4] This includes the complaint at issue in this adversary proceeding as well as *Mirabilis Ventures, Inc. v. Richard E. Berman et al.* (Adv. Pro. No. 6:08-ap-00222-KSJ) (D.E. 1 and 16), *Mirabilis v. Buchanan, Ingersoll, & Rooney, P.L. et al.* (Adv. Pro. No. 6:08-ap-00227-KSJ) (D.E. 1) and *Mirabilis v. James Moore & Co., P.L. et al.* (Adv. Pro. No. 6:08-ap-00228 –KSJ) (D.E. 1).

Compl. ¶33. However, the Plaintiff's Complaint is incomprehensible for a variety of reasons. The Eleventh Circuit has deemed that "shotgun" pleadings, such as this Complaint, are unacceptable and subject to dismissal. In addition to the Plaintiff's jumbled and perplexing Complaint, which is grounds alone for dismissal, most of Plaintiff's claims fail to state a claim for which relief can be granted based on governing case law. Defendants should not be put to the expense and time of responding to this clearly defective Complaint, nor should the Court waste its time in trying to decipher it. Defendants request that this Court dismiss Plaintiff's Complaint without prejudice and that the Plaintiff be required to plead its claims in compliance with the Federal Rules of Civil Procedure.

## MEMORANDUM OF LAW

### I. Motion to Dismiss Standard

Pursuant to Rule 12(b)(6), a defendant may move to dismiss a claim that fails to state a claim upon which relief may be granted. When considering a motion to dismiss, a court should look to the pleadings and take all facts and reasonable inferences as true. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). Within this framework, "plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." *Id.* at 1263. Thus, while it is true that well pled allegations of fact are to be taken as true for purposes of a motion to dismiss, purely conclusory allegations are not. *See McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc.*, No. 6:08-cv-1978-Orl-31KRS, 2009 WL 92846, *2 (M.D. Fla. Jan. 14, 2009) ("In ruling on a motion to dismiss, 'conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.'") (quoting *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003)).

In a recent decision, the Supreme Court elevated the pleading standard necessary to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955 (2007). A complaint must now "raise a right to relief above the speculative level," which "requires more than labels and conclusions . . . ." *Id.*[5] Thus, a complaint must contain factual allegations that adequately support a claim for relief, and "[d]ismissal can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Firth v. Guardian Life Ins. Co.,* 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998).

When fraud is brought into the mix, as is in this action by Count III, pleading standards are even higher. To sufficiently allege conditions of the mind such as negligent misrepresentation, "a party must state with particularity the circumstances constituting [the] fraud." Fed. R. Civ. P. 9(b). Further, Rule 9(b) prohibits a plaintiff from alleging fraud "by indiscriminately grouping all of the individual defendants into one wrongdoing monolith." *Lubin v. Sybedon Corp.,* 688 F. Supp. 1425, 1443 (S.D. Cal. 1988). Rule 9(b) requires "each individual defendant must be apprised separately of the specific acts of which he is accused, especially in a case involving multiple defendants." *In re Rospatch Sec. Litigation,* 760 F.Supp.1239,1254 (W.D. Mich. 1991). Thus, a complaint alleging fraud "may not rely upon blanket references to acts or omissions by all the 'defendants,' for each defendant named in the complaint is entitled to be apprised of the circumstances surrounding the fraudulent conduct with which he individually stands charged." *Benoay v. Decker,* 517 F. Supp. 490, 493 (E.D. Mich. 1981).

---

[5] In *Twombly,* the Supreme Court receded from its prior holding that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 1959 (referring to *Conley v. Gibson,* 335 U.S. 41, 45-46 (1957)); *see Twombly,* 127 S. Ct. at 1969 (stating "*Conley's* 'no set of facts' language has been questioned, criticized, and explained away long enough.").

In short, under this legal rubric, Plaintiff has failed to meet his pleading burden, rendering the Complaint subject to dismissal.

## II. The Complaint is an Impermissible Shotgun Pleading

"The failure to identify claims with sufficient clarity is a shotgun pleading." *Beckwith v. Bellsouth Communications, Inc.*, 146 Fed.Appx. 368, 371 (11th Cir. 2005). This failure occurs when the complaint is so vague and ambiguous that the defendants cannot reasonably be required to frame a responsive pleading. *Byrne v. Nezhat*, 261 F.3d 1075, 1128 (11th Cir. 2001). Although shotgun pleadings are often thought of as those that incorporate every antecedent allegation by reference into each subsequent claim for relief, a complaint is also considered to be a shotgun pleading and should be dismissed where the result is the same and the allegations cannot be adequately determined. *See, e.g., Outridge v. Quality Recovery Serv., Inc.*, No. 6:06-cv-1866-Orl-31JGG, 2007 WL 1521513, *3 (M.D. Fla. May 22, 2007) (Presnell, J.); *McMahon v. Hunter*, No. 2:06-CV-00179-34DNF, 2007 WL 1952906, *3 (M.D. Fla. July 2, 2007) (Howard, J.) (holding that when neither the defendants nor the court can decipher which facts relate to which claims, the complaint is a shotgun pleading).

The Plaintiff's Complaint is the quintessential example of a shotgun pleading as it is nearly impossible to determine what the Plaintiff is alleging and against whom. The first problem is that the Complaint makes allegations against various professionals other than the Defendants who are not even named in this adversary proceeding. Compl. ¶¶ 18, 20, 30, 33, 44, 46. It is therefore impossible to conclude what the Plaintiff is alleging were the Defendants' wrongful acts versus the other unnamed professionals' alleged wrongful acts. It is also indeterminable what conduct should be attributed to the named Defendants in this adversary proceeding. Rachlin, Marrero and Holtz all had different roles, yet the Complaint continuously

lumps all of the Defendants together without regard to who made what statements, who engaged in what actions, or who gave what advice. Instead the Plaintiff has cynically divided the allegations against the various professionals into four (4) separate, yet practically identical complaints against the law firms and two accounting firms. *See supra* note 4.

Not only does the Complaint make general references to other professionals, the Complaint refers to these other professionals as if they were defendants in this adversary proceeding. The Complaint even goes as far as to state that the Plaintiff relied on the advice of these other unnamed professionals in making claims against the Defendants in this case. *See, e.g.*, Compl. ¶ 33 ("Based on the tax and legal advice provided by professionals including Defendants Berman, BKR, Wildermuth, Holtz, Rachlin and Marrero, Amodeo proposed a strategy ..."). The Complaint makes no other mention of BKR or Wildermuth. Additionally, the Plaintiff does not describe who Berman is or what he has to do with this adversary proceeding, yet the Complaint repeatedly refers to Berman and his advice. Compl. ¶¶ 13, 20, 22, 33, 50(c), 50(e), 58, 59.

The Complaint also makes various references to someone named "Cuthill" with no identification of who he is or explanation of his relationship to the Plaintiff. Compl. ¶¶ 80, 92. The unidentified Cuthill even demands judgment from the Defendants for professional negligence, negligent misrepresentation and negligent supervision. Compl. ¶¶ 80, 86 and pages 19, 21 and 22. It is also puzzling why the Complaint states that "*Amodeo* hereby reasserts by reference ... the allegations of Paragraphs 1 through 68 of this Complaint as if fully set forth herein" and attempts to assert claims in Counts I and II as if Amodeo were the Plaintiff. Compl. ¶¶ 70, 74. Amodeo's relationship to the Plaintiff is never described and the only allegation is by way of the extraneous information in paragraph 13 of the Complaint. ("In or about August 2004,

Frank Amodeo ('Amodeo') was approached by principals of Presidion Corporation, a publicly-traded company, and its affiliates and subsidiaries (collectively 'Presidion'), regarding developing and implementing a plan of reorganization for Presidion.")[6] It is not the Defendants' burden to attempt to piece together and make sense of this Complaint.

As the U.S. District Court for the Middle District of Florida has held, when a court is "confronted with a 'rambling pleading that is so disorganized and ambiguous that it is almost impossible to discern precisely what it is [the Plaintiff] is claiming" it is extremely taxing on the court. *McMahon*, 2007 WL 1952906 at *4. The judicial work that results from a shotgun pleading is far more time consuming than the work required up front to prevent the case from proceeding beyond the pleadings until the issues are reasonably well defined. *Outridge*, 2007 WL 1521513 at *2. The District Court has directed courts to *sua sponte* dismiss such pleadings even if no motion has been made by the parties. *McWhorter*, 2009 WL 92846 at *2.

> Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice. The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard. Wasting scarce judicial and parajudicial resources impedes the due administration of justice, and, in a very real sense, amounts to obstruction of justice.

*Byrne*, 261 F.3d at 1131. "The importance of using the Rules to uncover bogus claims and defenses, thereby reducing the parties' dispute to its bare essentials, cannot be overemphasized." *Id.* at 1132.

In this case, it is especially important to establish by whom and against whom the claims are being made because Florida is a comparative fault state. Fla.Stat. § 768.61(2) (stating that

---

[6] Perhaps the Plaintiff intentionally failed to describe Amodeo's role in this action because Amodeo has pled guilty for failure to remit payroll taxes and admitted under oath that he knew using payroll taxes for other purposes was illegal. Plaintiff will not be able to avoid the consequences of Amodeo's admission in this case. At this stage, Plaintiff must clearly plead Amodeo's relationship to Mirabilis and not simply assert a claim on his behalf.

"any contributory fault chargeable to the claimant diminishes proportionately the amount awarded as economic and noneconomic damages for an injury attributable to the claimant's contributory fault, but does not bar recovery"). "Experience teaches us, unless cases are pled clearly and precisely, issues are not controlled, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Beckwith*, 146 Fed.Appx. at 372. Because the Plaintiff has asserted the same claims against different defendants in different proceedings, a primary focus of the discovery process will almost certainly be on what and how much harm each defendant was responsible for in order to determine damages. If the Complaint were to stand as it is, discovery would be a nightmarish process and the deleterious effects of a shotgun pleading would become glaringly apparent.

The Complaint is a bewildering labyrinth that amounts to a shotgun pleading and therefore must be dismissed. *McNeil v. Alternative Home Financing, Inc.*, No. 204CV356FTM33DNF, 2005 WL 3019238, *1 (M.D. Fla. Nov. 10, 2005) (Covington, J.) (dismissing the complaint because it was riddled with the improper use of verb tenses and the confusion of the singular and plural throughout the complaint) ("Errors such as those present...bolster the Court's conclusion that the defendants in this action cannot be expected to know by whom or against whom a given count is asserted."). For this reason alone, the Complaint must be dismissed without prejudice and Plaintiff must be required to file a Complaint that is not a shotgun pleading.

### III. The Plaintiff Fails to State a Cause of Action Against the Defendants for Counts I, II, and III

In addition to the central violation of the Federal Rules of Civil Procedure, Plaintiff's complaint also fails to plead the required elements of various claims in this case. This failure provides an additional basis to dismiss the complaint.

#### a. The Plaintiff Fails to Allege Damages in Count I – Negligence

The Plaintiff's alleges that "[a]s a direct and proximate result of Defendants' negligence *Amodeo* has suffered damage to his business, property, as well as emotional and mental injury, and accordingly seeks compensatory damages in an amount in excess of $200,000,000.00." Compl. ¶ 73 (emphasis added). Under Florida law, in order to state a claim for negligence the complaint must allege that (1) the defendant owes *plaintiff* a legal duty; (2) the defendant breached that duty; (3) the *plaintiff* suffered injury as a result of that breach; and (4) the injury caused damage to the *plaintiff*. *Alvarez v. A & E Produce Corp.*, 708 So.2d 997, 1000 (Fla. Dist. Ct. App. 1998). The Plaintiff has failed to allege that the Plaintiff suffered harm. Amodeo is not the Plaintiff and Count I does not allege that Mirabilis (an entity separate from Amodeo) suffered any harm. Therefore, Count I must be dismissed.

#### b. The Plaintiff Fails to Allege a Relationship between the Plaintiff and Defendants, Let Alone a Relationship of Trust and Confidence Sufficient to State a Claim for Count II – Breach of Fiduciary Duty and Self-Dealing

To state a claim for breach of fiduciary duty under Florida law, the plaintiff must plead the repose of trust and confidence and an express acceptance of that repose of trust and confidence *by the defendant*. *Argonaut Dev. Group, Inc. v. SWH Funding Corp.*, 150 F.Supp.2d 1357, 1357 (S.D. Fla. 2001). Not only has the Plaintiff failed to allege a repose of trust and confidence in the Defendants, they have not sufficiently alleged any relationship between the Plaintiff and Defendants.

9
TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 • 305-536-1112

The Plaintiff alleges that Defendants had a fiduciary duty to honor the trust and confidence of *Amodeo*, that the Defendants failed to advise *Amodeo* of certain relevant facts, that the Defendants failed to inform *Amodeo* of concerns raised by other professionals, and that the Defendants failed to follow the instructions of *Amodeo*. Compl. ¶¶ 75-76 (emphasis added). However, as previously explained, the Plaintiff never states Amodeo's relationship to the Plaintiff. The Complaint apparently assumes that a duty to Amodeo constitutes a duty to Mirabilis. However, Plaintiff ignores the fundamental distinction between a claim by an individual and claim by a corporate entity. If Plaintiff wishes to claim that Mirabilis has the alter ego of Amodeo, it must plead that assertion. Otherwise, Plaintiff must plead Amodeo's relationship and how any breach of a duty to Amodeo could constitute a breach of any duty owed to Mirabilis. Because the Complaint does not allege these essential facts, Count II must be dismissed.

### c. The Plaintiff Fails to Plead Count III – Negligent Misrepresentation with Specificity as Required Under Fed.R.Civ.P. 9(b) and Asserts a Claim by an Unidentified Party

The Complaint states that "Rachlin, Holtz and Marrero breached their duty by making the material negligent misrepresentations *described above*..." Compl. ¶ 84 (emphasis added). "In Florida, an action for negligent misrepresentation sounds in fraud rather than negligence ... [h]ence, Rule 9(b)'s pleading requirements apply to actions involving claims for negligent misrepresentation." *Johnson v. Amerus Life Ins. Co.*, No. 05-61363-CIV-COOKE/BROWN, 2006 WL 3826774 (S.D. Fla. Dec. 27, 2006). The allegations must set forth (1) precisely what statements were made in what documents or oral representations or what omissions were made; (2) the time and place of each alleged statement; (3) the content of the alleged statements; and (4) what the defendant obtained as a consequence of the alleged misrepresentations. *Id.*

The Complaint only makes general allegations as to the advice provided by Defendants and other professionals. Compl. ¶30, 33, 44, 49, 51. The statements in the Complaint are not attributed to anyone but rather generally to "the Defendants," the time and place of the statements are not alleged, nor is the content of any of the statements. It is plainly evident that the Plaintiffs have failed to plead Count III with the required particularity and therefore it must be dismissed.

Equally fatal to Count III is that the unidentified Cuthill, not the Plaintiff, demands judgment as a result of the damages suffered by the Defendants' alleged negligent misrepresentation. Compl. ¶¶ 80 and page 19. However, as previously stated, the Complaint does not make any mention of Cuthill's relation to the Plaintiff. Certainly a plaintiff cannot make demands or state a claim on behalf of an unnamed party. The Plaintiff has failed to state a cause of action for negligent misrepresentation.

### d. The Plaintiff Requests Relief on Behalf of an Unidentified Party in Count IV – Professional Negligence and Count V – Negligent Supervision

In Counts IV and V, the Plaintiff states that "*Cuthill* incorporates paragraphs 1 through 68 of the Complaint as if fully set forth herein." Compl. ¶¶ 86, 92 (emphasis added). Furthermore, the Complaint states that "*Cuthill* demands judgment against Defendants awarding compensatory damages for all harm suffered..." in both Count IV and Count V. Compl. pages 21 and 22 (emphasis added). Obviously in order to state a cause of action, the *Plaintiff* must demand judgment and not an unidentified nonparty to the action. The Plaintiff has failed to state a cause of action for Counts IV and V of the Complaint.

## CONCLUSION

The Complaint is incomprehensible and is precisely what qualifies a shotgun pleading. It would not only be unfair to require the Defendants to answer such a complaint, it would lead to a

myriad of problems as the case continues and be a waste of judicial resources. As was noted by the Eleventh Circuit in *Byrne*, "[p]laintiffs file shotgun complaints and include frivolous claims to extort the settlement of a meritorious claim; worse yet, they file shotgun complaints to extort the settlement of unmeritorious claims." 261 F.3d at 1130. "It goes without saying that a plaintiff with a solid case does not need to file a shotgun complaint." *Id.* This case is a prime example of such a situation: the Plaintiff is flinging around names, allegations and irrelevant facts in a shameless attempt to seek a monetary recovery to fund the estate (and its attorneys' fees). The Federal Rules of Civil Procedure and binding case law do not permit such a misuse of the judicial process.

WHEREFORE, the Defendants Rachlin Cohen & Holtz, LLP, Laurie S. Holtz and Jose I. Marrero respectfully request that this Court dismiss Plaintiff Mirabilis Ventures, Inc.'s Complaint (D.E. 1) without prejudice and for such other relief as the Court deems just and proper.

                                                  Respectfully Submitted,

TEW CARDENAS LLP
*Attorneys for the Defendants*
1441 Brickell Avenue
Four Seasons Tower, 15th Floor
Miami, FL 33131
Phone: (305) 536-1112
Fax: (305) 536-1116
E-Mail: JAD@tewlaw.com


 /s/Joseph A. DeMaria, Esq.
C. Thomas Tew, P.A.
Florida Bar No. 098160
Joseph A. DeMaria, Esq.
Fla. Bar No. 764711

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of January, 2009, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Elizabeth A. Green, Esq. (Egreen@lseblaw.com), Latham, Shuker, Eden & Beaudine, LLP, 390 North Orange Avenue, Suite 600, Orlando, Florida 32801.

/s/ JOSEPH A. DEMARIA
JOSEPH A. DEMARIA, ESQ.

519244