UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

MIRABILIS VENTURES, INC.,            Case No.: 6-08-bk-04327-KSJ

Debtor            Chapter 11
_____/

MIRABILIS VENTURES, INC.,

    Plaintiff,            Adv. Pro. No.: 6:08-ap-00223-KSJ

v.

RACHLIN COHEN & HOLTZ, LLP, a
Florida limited liability partnership nka
RACHLIN, LLP; LAURIE S. HOLTZ, an
individual; and JOSE I. MARRERO, an
individual,

    Defendants.
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MARCUMRACHLIN, LAURIE S. HOLTZ, AND JOSE I. MARRERO'S MOTION TO DISMISS PLAINTIFF MIRABILIS VENTURE, INC.'S FIRST AMENDED COMPLAINT

Plaintiff, MIRABILIS VENTURES, INC. ("Plaintiff"), hereby submits this Response in Opposition to Defendants', MARCUMRACHLIN, a division of Marcum LLP, f/k/a RACHLIN COHEN & HOLTZ, LLP, LAURIE S. HOLTZ, and JOSE I. MARRERO ("Defendants"), Motion to Dismiss Plaintiff's First Amended Complaint ("Amended Complaint"), and in support thereof states the following:

## INTRODUCTION

Defendants have moved to dismiss Plaintiff's Amended Complaint based upon an attack upon the form, rather than the substance of Plaintiff's Amended Complaint. Defendants have selectively taken certain allegations out of context in an apparent attempt to confuse this Court as to the nature of the claims. The heart of the Defendants' motion is that Plaintiffs do not identify "what the Defendants were hired to do." They assert this in an attempt to coax out an issue of lack of duty that does not exist. Defendants' repeated assertion that Plaintiff "never once alleged what the Defendants' duty was to the Plaintiff" because they "never stat[ed] that such advice was in relation to . . . anything . . ." This can only be viewed as feigned ignorance given that the opening paragraph of Plaintiff's Amended Complaint states:[1]

> **"Holtz and Morreno, as accountants/agents of Rachlin, provided tax advice and otherwise consulted Mirabilis regarding the legality, treatment and use of the acquisition of other entities' payroll tax funds that were to be paid to the IRS."**

(Emphasis Added) That allegation is a direct statement of the exact advice Defendants were hired to and did provide. The duty is obviously to provide correct advice. As detailed throughout the Amended Complaint, that advice turned out to be wrong.[2]

## I. DEFENDANTS HAVE FAILED TO ESTABLISH A BASIS FOR GRANTING THEIR MOTION TO DISMISS

---

[1] It should be noted that although this is the First Amended Complaint, this is the first motion to dismiss that has come before the Court. The Plaintiff voluntarily amended the original complaint.

[2] It is noteworthy that Defendants exhibit considerable relish in opening their motion to dismiss not with legal argument but factual allegations of indictments outside the four corners of the Amended Complaint. Defendants demonstrate by these statements the significant harm and damage, caused by their negligent advice on these issues and show an utter lack of concern for the serious consequences of their actions.

A.     The Standard of Review on a Motion to Dismiss

Given that a motion to dismiss is raised during the pleading stage, before fact finding has been conducted through discovery, the granting of such a motion is looked upon with disfavor by the courts as a drastic remedy. *United States v. CBS, Inc.*, 459 F. Supp. 832, 834 (C.D. Cal 1978) ("pretrial dismissals are highly disfavored, and will only be handed down with extreme prudence and caution."); *Acoustica Associates, Inc. v. Powerton Ultrasonics Corp.*, 28 F.R.D. 16, 18 (E.D.N.Y 1961) ("the Federal Rules of Civil Procedure are designed to discourage battles over mere form of statement," and the Court should strive toward "eliminating needless controversies which not only delay the trial but also produce no ultimate gain"). The threshold for surviving a motion to dismiss is extremely low. *Haddock v. Board of Dental Examiners of California*, 777 F.2d 462 (9th Cir. 1985) ("a complaint should not be dismissed if it states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory").

Rule 8, Federal Rules of Civil Procedure, simply requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P 8(a)(2). The pleading of specific facts is unnecessary, as the statement need only give the defendant "fair notice of the claim and grounds upon which it rests." *Erikson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); see also, *Hendrickson v. Popular Mortg. Servicing, Inc.*, 2009 U.S. Dist. LEXIS 43401 (2009) (all that is necessary is a short plain statement of the claim showing that the pleader is entitled to relief). Furthermore, the "simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the Court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501 (1975). When considering a motion to dismiss under Rule 12(b)(6), Federal Rule of Civil Procedure, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This means the complaint need only contain "enough fact to raise a reasonable expectation that discovery will reveal evidence" of the violations alleged. *Id.*

To dismiss a complaint, it must appear to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proved. In evaluating a 12(b)(6) motion, the Court should consider whether the total of the allegations, even though individually lacking, are sufficient and not merely whether each individual allegation is sufficient. See *Securities & Exchange Commission v. Yuen*, 221 F.R.D. 631, 633-34 (C.D. Cal. 2004) (internal citations and quotations omitted).

B.  **Defendants' Motion to Dismiss Lacks Merit**

First, it must be noted that Plaintiff agreed to dismissal of its original complaint in this matter, as Plaintiff was willing to correct any of the perceived failures of Plaintiff to plead the requisite elements of each cause of action, as asserted in Defendants' original motion to dismiss. Plaintiff redrafted the complaint to address the concerns raised in Defendants' original motion to dismiss, and subsequently, Plaintiff filed the Amended Complaint. Even after Plaintiff's voluntary modification of the original complaint, Defendants sought to dismiss the Amended Complaint for various technical reasons.

The Amended Complaint contains five separate counts (negligence, breach of fiduciary duty, negligent misrepresentation, professional negligence, and negligent supervision). In compliance with Rule 8, Federal Rules of Civil Procedure, the Amended Complaint includes a short and plain statement of the claim, specifically as to each count, and alleges that Plaintiff is entitled to relief. In totality, the allegations of the Amended Complaint are sufficient to give the Defendants fair notice of a legally cognizable claim and the grounds upon which the claim, specifically each count of the Amended Complaint, rest.

Defendants, in their Motion to Dismiss, allege that Plaintiff failed to state a cause of action for all the counts in the Amended Complaint, and specifically assert that Plaintiff failed to allege the "most basic element of all the claims," the "duty" owed by the Defendants to Plaintiff. Defendant specifically provides that "no where in the Amended Complaint does the Plaintiff state what the duty was owed by the Defendants to the Plaintiff." Defendants provide that "[n]o where in the fifteen-page Amended Complaint does the Plaintiff state what [Defendants] were hired to do."

In their Motion to Dismiss, Defendants recite verbatim paragraph 39 of the Amended Complaint providing that an "accountant-client relationship existed between Defendants and [Plaintiff]." While Defendants, in their Motion to Dismiss, also recite verbatim twelve (12) other paragraphs from the Amended Complaint, and boldly assert that there are no allegations in the Amended Complaint as to "duty," Defendants fail to acknowledge the other paragraphs in the Amended Complaint where Plaintiffs allege the existence of "duty." As to those specific paragraphs in each individual count, Defendants merely provide that those paragraphs contain "formulaic resuscitations of the elements of each claim" and accordingly fall "far short of the required pleading standard under *Twombly* . . ."

In truth, Plaintiff opened the Amended Complaint with a plain and clear statement of precisely the duty which Defendants undertook and failed. It stated:

> **"Holtz and Morreno, as accountants/agents of Rachlin, provided tax advice and otherwise consulted Mirabilis regarding the legality, treatment and use of the acquisition of other entities' payroll tax funds that were to be paid to the IRS."** (Emphasis Added)

Further, given Defendants simple statement that the actual paragraphs containing allegations as to each count in the Amended Complaint contain only "formulaic resuscitations," it is imperative that the allegations in those specific paragraphs be reviewed. In Count I of the Amended Complaint, which contains Plaintiff's negligence cause of action, Plaintiff realleges paragraph 39 of the Amended Complaint and further alleges that "[a]t all times material hereto, an accountant-client relationship existed between [Plaintiff] and Defendants," and that "**[b]y accepting employment to render tax advice, Defendants had a duty** to use such skill, prudence, and diligence as other accountants . . ." [Emphasis Added] Amended Complaint ¶ 55, 56. In Count II of the Amended Complaint, which contains Plaintiff's breach of fiduciary duty cause of action, Plaintiff again realleges paragraph 39 of the Amended Complaint and further alleges that "a **fiduciary relationship existed between [Plaintiff] . . . and Defendants**." [Emphasis Added] Amended Complaint ¶ 60. In Count III of the Amended Complaint, which contains Plaintiff's negligent misrepresentation cause of action, Plaintiff realleges paragraph 39 of the Amended Complaint and further alleges that **Defendants represented** Plaintiff's entities "**in deciding how to run and operate their businesses**" and that "**Defendants owed [Plaintiff], its subsidiaries and related companies a duty of reasonable care**, skill and diligence to ensure that all of the information supplied and representations and statements made to or on behalf of

[Plaintiff] and its related entities were true and accurate." [Emphasis Added] Amended Complaint ¶ 65, 66. In Count IV of the Amended Complaint, which contains Plaintiff's professional negligence cause of action, Plaintiff realleges paragraph 39 of the Amended Complaint and further alleges that **Defendants represented** Plaintiff, and that "**Defendants owed a duty to [Plaintiff]**, its subsidiaries and related companies to exercise reasonable care, skill, and diligence . . ." [Emphasis Added] Amended Complaint ¶ 71, 72. In Count V of the Amended Complaint, which contains Plaintiff's negligent supervision cause of action (which specifies that it is only alleged against Defendant Rachlin), Plaintiff realleges paragraph 39 of the Amended Complaint and alleges that "**Rachlin owed** [Plaintiff], its subsidiaries and related companies **a duty to use reasonable care in supervising the conduct and activities of [the other Defendants] in connection with their representation of [Plaintiff]** . . ." [Emphasis Added] Amended Complaint ¶ 77.

Defendants fail to acknowledge all of the above-listed allegations of "duty," and in an attempt to trivialize these allegations, simply provide that they are "formulaic resuscitations." In their Motion to Dismiss, Defendants further obfuscate the issue by asserting that in stating a "claim for professional malpractice, it is not sufficient to merely assert a professional relationship between a plaintiff and defendant" and that instead "it is essential to allege the relationship existed with respect to the acts or omissions upon which the malpractice claim is based" (citing *Maillard v. Dowdell*, 528 So. 2d 512, 514 (Fla. Dist. Ct. App. 1988); *see also Kates v. Robinson*, 786 So. 2d 61, 64 (Fla. Dist. Ct. App. 2001). Essentially, Defendants are asserting that Plaintiff cannot allege the existence of a "duty" by only alleging an accountant-client relationship existed between Defendants and Plaintiff. The flaw in Defendants' argument is that Plaintiff actually alleges more than the existence of the accountant-client relationship in

alleging "duty." In making that argument, Defendants ignore that Plaintiff alleged the Defendants "represent[ed] MVI and its subsidiaries when they provided tax advice and otherwise consulted Mirabilis regarding the legality, treatment and use of the acquisition of other entities' payroll tax funds . . ." As provided above, Plaintiff alleges "duty" based, not only on the accountant-client relationship between Defendants and Plaintiff, but also on Defendants' employment to render tax advice to Plaintiff (and actual rendering of that advice) and on Defendants' representation of Plaintiff. Even a cursory review of the Amended Complaint reveals that it more than adequately sets forth a cognizable claim against Defendants, including the requisite allegations of "duty" as an element to each of the counts in the Amended Complaint.

II. **THE COMPLAINT DOES NOT VIOLATE THE "SHOTGUN" PLEADING PROHIBITION IN THE ELEVENTH CIRCUIT**

In their Motion to Dismiss, Defendants also allege that the allegations that are pled are "extremely unclear and confusing," and accordingly, the Amended Complaint is a "shotgun pleading." Defendants assert that the Amended Complaint is the "quintessential example of a shotgun pleading as it is impossible to determine what the Plaintiff is alleging and against whom." While such hyperbole is fun to write, it is inaccurate as a cursory review of the Amended Complaint reveals. Specifically, Defendants reassert that it is impossible to conclude what the Plaintiff alleges is the Defendants' "duty" to the Plaintiff. As provided above, Defendants simply fail to acknowledge Plaintiff's unambiguous allegations of "duty" in the Amended Complaint.

Defendants also assert that it is "indeterminable what conduct should be attributed to the named Defendants in this adversary proceeding," as the Amended Complaint "continuously lumps all of the Defendants together without regard to who made what statements, who engaged

in what actions, or who gave what advice." Plaintiff disagrees with Defendants' assertions. Each count identifies in its title which defendants are being sued in that count by such statements as "Against Rachlin" or "All Defendants." In the Amended Complaint, Plaintiff clearly states that specific roles of each Defendant. Some specific examples in the Amended Complaint of how Plaintiff does not "lump all Defendants together" are when Plaintiff provides that "Holtz and Marrero began providing tax advise to [Plaintiff]," that "Holtz and Marrero were employed by Rachlin," that "Holtz and Rachlin agreed to use [Plaintiff's] office space in its Orlando office," and that "Holtz even attended meetings with the IRS during his employment at Rachlin." It is obvious that while some of these quoted allegations mention all Defendants, these allegations, as well as other allegations in the Amended Complaint, do not "lump together" all Defendants as asserted by Defendants in their Motion to Dismiss.

Defendants, in their Motion to Dismiss, further assert that "it cannot be determined from the Amended Complaint in what capacity the Defendants are being sued." However, as Defendants acknowledge, Plaintiff alleges in the Amended Complaint that this claim stems from the Defendants' "involvement and representation of" Plaintiff as "accountants/agents." Again, Defendants assert that the capacity in which the Defendants acted determines the "duty" owed to Plaintiff. This argument is simply another means for Defendant to argue the "duty" issues which Plaintiff has already addressed above.

Defendants, in their Motion to Dismiss, stress the significance of their assertions that the Amended Complaint constitutes a "shotgun pleading," in that Florida is a "comparative fault state." In so noting, Defendants assert that because the "Plaintiff has asserted the same claims against different defendants in different proceedings, a primary focus of the discovery process will almost certainly be on what and how much harm each defendant was responsible for in order

to determine damages." This is a fact issue to be decided by a trier of fact and not in the pleading stages. Defendants further assert that if the Amended Complaint "were to stand as it is, discovery would be a nightmarish process . . ." In response to Defendants' assertions, Plaintiff simply points out that the purpose of discovery is to ascertain the facts necessary to prove or disprove each alleged cause of action. The Amended Complaint is only a statement of the claim asserted, and in no way is the Amended Complaint used to establish "proof." As previously provided, applicable law states that the "simplified notice pleading standard relies on liberal discovery rules . . ." *Swierkiewicz*, 534 U.S. at 512. Applicable law also states that given that a motion to dismiss is raised during the pleading stage, before fact finding has been conducted through discovery, the granting of such a motion is looked upon with disfavor. *CBS*, 459 F. Supp. At 834. Plaintiff agrees with Defendants' assertion that the "primary focus of the discovery process will almost certainly be on what and how much harm each defendant was responsible for in order to determine damages," and Plaintiff asserts that indeed that is the purpose of discovery and there are no changes to the Amended Complaint that would, or should, alter that discovery process.

Plaintiff asserts that the Amended Complaint is not "so disorganized and ambiguous that it is almost impossible to discern precisely what it is [Plaintiff is] claiming." *Cramer v. State of Florida*, 117 F.3d 1258, 1261 (11th Cir. 1997). This is not a situation where the Amended Complaint "presents scores of allegations regardless of their relevance and incorporates them in their entirety into several counts asserting discrete claims for relief." *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000). In fact, the Amended Complaint alleges the requisite elements of each of the alleged causes of actions and is a statement that puts Defendants on notice of the claim and grounds upon which the Amended Complaint rests.

III. **CONCLUSION**

Based on the foregoing, Plaintiff submits that Defendants' Motion to Dismiss is utterly without merit. Accordingly, Defendants' Motion should be denied. Alternatively, should the court determine that the Motion to Dismiss is credible as to any asserted claim, then Plaintiff respectfully requests leave to amend.

Respectfully submitted,

/s/TODD K. NORMAN
TODD K. NORMAN
Florida Bar No. 62154
BERNARD H. GENTRY
Florida Bar No. 57649
BROAD AND CASSEL
390 N. Orange Avenue, Suite 1400
Orlando, FL 32801
Ph: (407) 839-4200
Fax: (407) 425-8377
tnorman@broadandcassel.com

Counsel for Mirabilis Ventures, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of November, 2009, a true and correct copy of the foregoing has been furnished by the Court's electronic notification system, to Joseph A. Demaria, Esquire, Tew Cardenas LLP, 1441 Brickell Avenue, Four Seasons Tower, 15th Floor, Miami, Florida 33131.

/s/TODD K. NORMAN
TODD K. NORMAN