UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: MIRABILIS VENTURES, INC.,
Bankruptcy Case No. 6:08-BK-4327

---

MIRABILIS VENTURES, INC.,

                  Plaintiff,

-vs-                                          Case No. 6:09-cv-271-Orl-31DAB

RACHLIN COHEN & HOLTZ, LLP;
LAURA S. HOLTZ; and JOSE I.
MARRERO,

                  Defendants.

---

# ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 31) filed by the Defendants, Rachlin Cohen & Holtz, LLP ("Rachlin Cohen")[1], Laura Holtz ("Holtz"), and Jose Marrero ("Marrero"), and the response (Doc. 32) filed by the Plaintiff, Mirabilis Ventures, Inc. ("Mirabilis"). Familiarity with the underlying facts is assumed.

## I.    Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Conley v. Gibson*, 35 U.S. 41, 47, 78 S.Ct. 99, 2

---

[1] In the motion, this Defendant identifies itself as "MarcumRachlin, a division of Marcum LLP, f/k/a Rachlin Cohen & Holtz, LLP". For simplicity's sake, the Court will continue to refer to this Defendant by its former name.

L.Ed.2d 80 (1957). In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), this Court must view the complaint in the light most favorable to the Plaintiff,. *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10©); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

**II.    Analysis**

Mirabilis asserts five claims against the Defendants: negligence (Count I); breach of fiduciary duty (Count II); negligent misrepresentation (Count III); professional negligence (Count IV); and negligent supervision (Count V). The Defendants seek dismissal of all five counts on the grounds that the Plaintiff has failed to properly allege the existence of a duty on their part to advise Mirabilis regarding the financial decisions that led to the company's demise. (Doc. 31 at 5).

However, in the Amended Complaint, the Plaintiff asserts that Holtz was hired by a company known as AQMI to give tax and accounting advice, that the Defendants began consulting and providing tax advice to Mirabilis and its subsidiaries, and that they knew or should have known that Mirabilis was relying on their advice in determining whether to proceed with the PBS Plan and to take over the PEO book of business, which subjected Mirabilis to payroll tax

obligations and civil and criminal penalties.  (Doc. 28-3 at 6-7).  From these allegations, it is reasonable to infer the existence of a duty on the part of the Defendants to advise Mirabilis as to the consequences of implementing the PBS Plan or taking over the PEO book of business, which advice they failed to provide.

The Defendants also assert that the Amended Complaint is an impermissible "shotgun pleading".  Though not a model of precision, the Amended Complaint is not so convoluted as to make it impossible for the Defendants to determine which claims are being asserted against which Defendants, or what those claims might be.  Dismissal is therefore not appropriate on this basis.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 31) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 5, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party