UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

MIRABILIS VENTURES, INC.,
Bankruptcy Case No. 6:08-BK-04327-KSJ
_____/

MIRABILIS VENTURES, INC.,

        Plaintiff,                                    Case. No.: 6:09-cv-271-Orl-31DAB

v.

RACHLIN COHEN & HOLTZ, LLP, a
Florida limited liability partnership nka
RACHLIN, LLP; LAURIE S. HOLTZ, an
individual; and JOSE I. MARRERO, an
individual,

        Defendants.
_____/

### DEFENDANT RACHLIN, COHEN & HOLTZ'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF MIRABILIS VENTURE, INC.'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant, Rachlin Cohen & Holtz, LLP ("Rachlin"), hereby responds to the numbered paragraphs of Plaintiff, Mirabilis Ventures, Inc.'s ("Plaintiff"), First Amended Complaint [Adversary Proceeding D.E. 24] as follows:

### ANSWER

1.     Rachlin denies the allegations in Paragraph 1.

2.     Rachlin admits that it is a foreign professional association with a principal place of business in Dade County, Florida, but denies the remaining allegations in Paragraph 2.

3.     Rachlin denies the allegations in Paragraph 3.

4. Rachlin denies the allegations in Paragraph 4.

## The Parties and Other Relevant Entities

5. Rachlin lacks specific knowledge to admit or deny the allegations in Paragraph 5.

6. Rachlin admits the allegations in Paragraph 6.

7. Rachlin admits the allegations in Paragraph 7.

8. Rachlin admits the allegations in Paragraph 8.

9. Rachlin denies the allegations in Paragraph 9, and further alleges as the basis for its denial, the allegations set forth in Paragraph 1 of Rachlin's Defenses and Affirmative Defenses.

## The Sunshine Companies

10. Rachlin lacks specific knowledge to admit or deny the allegations in Paragraph 10.

11. Rachlin lacks specific knowledge to admit or deny the allegations in Paragraph 11.

12. Rachlin lacks specific knowledge to admit or deny the allegations in Paragraph 12.

13. Rachlin lacks specific knowledge to admit or deny the allegations in Paragraph 13.

14. Rachlin lacks specific knowledge to admit or deny the allegations in Paragraph 14.

15. Rachlin lacks specific knowledge to admit or deny the allegations in Paragraph 15.

16. Rachlin lacks specific knowledge to admit or deny the allegations in Paragraph 16.

17. Rachlin lacks specific knowledge to admit or deny the allegations in Paragraph 17.

18. Rachlin lacks specific knowledge to admit or deny the allegations in Paragraph 18.

## The Presidion Reorganization Plan and Mirabilis Ventures, Inc.

19. Rachlin admits that Plaintiff purports to attach a copy of the Restated Articles of Incorporation and Written Action of the Directors of Mirabilis as composite Exhibit "A" to the First Amended Complaint, but Rachlin denies the remaining allegations in Paragraph 19.

20. Rachlin lacks specific knowledge to admit or deny the allegations in Paragraph 20.

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 • 305-536-1112

21. Rachlin lacks specific knowledge to admit or deny the allegations in Paragraph 21.

22. Rachlin lacks specific knowledge to admit or deny the allegations in Paragraph 22.

23. Rachlin lacks specific knowledge to admit or deny the allegations in Paragraph 23.

24. Rachlin lacks specific knowledge to admit or deny the allegations in Paragraph 24.

25. Rachlin lacks specific knowledge to admit or deny the allegations in Paragraph 25.

26. Rachlin lacks specific knowledge to admit or deny the allegations in Paragraph 26.

27. Rachlin lacks specific knowledge to admit or deny the allegations in Paragraph 27.

28. Rachlin lacks specific knowledge to admit or deny the allegations in Paragraph 28.

29. Rachlin lacks specific knowledge to admit or deny the allegations in Paragraph 29.

30. Rachlin lacks specific knowledge to admit or deny the allegations in Paragraph 30.

### Retention and Involvement of Laurie Holtz by Mirabilis Ventures, Inc. and its Subsidiaries and the Approval of the PBS Plan

31. Rachlin denies the allegations in Paragraph 31.

32. Rachlin admits the allegations in Paragraph 32.

33. Rachlin denies the allegations in Paragraph 33.

34. Rachlin admits that documents and emails are attached as Exhibit "B" to the First Amended Complaint that purport to be preliminary tasks and duties assigned under the Sunshine Plan and PBS Plan, but denies the remaining allegations in Paragraph 34.

35. Rachlin admits that a letter is attached as Exhibit "C" to the First Amended Complaint that purports to show Rachlin's involvement with Mirabilis, but denies the remaining allegations in Paragraph 35.

36. Rachlin admits that minutes are attached as Exhibit "D" to the First Amended Complaint that purport to be a copy of the March 23, 2006 minutes of Mirabilis Board of

3

Directors' meeting, and Rachlin admits that an organization chart is attached as Exhibit "E" to the First Amended Complaint that purports to be a copy of Mirabilis' organization chart, but Rachlin lacks specific knowledge to admit or deny the remaining allegations in Paragraph 36.

37. Rachlin admits that a flight log is attached as Exhibit "F" to the First Amended Complaint that purports to be a flight log evidencing flights Laurie Holtz took, but denies the remaining allegations in Paragraph 37.

38. Rachlin admits that an email is attached as Exhibit "G" that purports to show discussions of tax plans, but Rachlin denies the remaining allegations in Paragraph 38.

39. Rachlin admits that an accountant-client relationship existed at specific times material hereto, but only to the extent to which Rachlin was engaged for specific accounting work, as reflected by the retainer letters between Mirabilis and Rachlin and the bills from Rachlin to Mirabilis. Rachlin denies the remaining allegations in Paragraph 39.

40. Rachlin denies the allegations in Paragraph 40.

41. Rachlin lacks specific knowledge to admit or deny the allegations in Paragraph 41.

42. Rachlin lacks specific knowledge to admit or deny the allegations in Paragraph 42.

43. Rachlin admits that a general ledger is attached as Exhibit "H" to the Amended Complaint that purports to evidence payments, and Rachlin admits that it received payments from Mirabilis, but only to the extent to which Rachlin was engaged for specific accounting work, which is reflected by the retainer letters between Mirabilis and Rachlin and the bills from Rachlin to Mirabilis. Rachlin denies the remaining allegations in Paragraph 43.

### The United States of America's Civil Forfeiture Action Against Mirabilis

44. Rachlin lacks specific knowledge to admit or deny the allegations in Paragraph 44.

45. Rachlin lacks specific knowledge to admit or deny the allegations in Paragraph 45.

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 • 305-536-1112

46. Rachlin lacks specific knowledge to admit or deny the allegations in Paragraph 46.

47. Rachlin lacks specific knowledge to admit or deny the allegations in Paragraph 47.

48. Rachlin lacks specific knowledge to admit or deny the allegations in Paragraph 48.

49. Rachlin lacks specific knowledge to admit or deny the allegations in Paragraph 49.

50. Rachlin lacks specific knowledge to admit or deny the allegations in Paragraph 50.

51. Rachlin lacks specific knowledge to admit or deny the allegations in Paragraph 51.

52. Rachlin lacks specific knowledge to admit or deny the allegations in Paragraph 52.

53. Rachlin lacks specific knowledge to admit or deny the allegations in Paragraph 53.

## Count I – Negligence

54. Rachlin reasserts its responses to Paragraphs 1 through 53 as set forth in this Answer.

55. Rachlin admits that an accountant-client relationship existed at specific times material hereto, but only to the extent to which Rachlin was engaged for specific accounting work, as reflected by the retainer letters between Mirabilis and Rachlin and the bills from Rachlin to Mirabilis. Rachlin denies the remaining allegations in Paragraph 55.

56. Rachlin admits the allegations in Paragraph 56 to the extent that Rachlin had a duty to use such skill, prudence, and diligence that other accountants of ordinary skill and capacity commonly possess and exercise in the performances of the specific tasks they were engaged to undertake, but Rachlin denies the remaining allegations in Paragraph 56.

57. Rachlin denies the allegations in Paragraph 57.

58. Rachlin denies the allegations in Paragraph 58.

## Count II – Breach of Fiduciary Duty

59. Rachlin reasserts its responses to Paragraphs 1 through 53 as set forth in this Answer.

60. Rachlin denies the allegations in Paragraph 60.

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 • 305-536-1112

61. Rachlin denies the allegations in Paragraph 61.

62. Rachlin denies the allegations in Paragraph 62.

### Count III – Negligent Misrepresentation

63. Rachlin reasserts its responses to Paragraphs 1 through 53 as set forth in this Answer.

64. Rachlin admits that this purports to be a cause of action for negligent misrepresentation.

65. Rachlin denies the allegations in Paragraph 65.

66. Rachlin denies the allegations in Paragraph 66.

67. Rachlin denies the allegations in Paragraph 67.

68. Rachlin denies the allegations in Paragraph 68.

### Count IV – Professional Negligence

69. Rachlin reasserts its responses to Paragraphs 1 through 53 as set forth in this Answer.

70. Rachlin admits that this purports to be a cause of action for professional negligence.

71. Rachlin denies the allegations in Paragraph 71.

72. Rachlin denies the allegations in Paragraph 72.

73. Rachlin denies the allegations in Paragraph 73.

74. Rachlin denies the allegations in Paragraph 74.

### Count V – Negligent Supervision

75. Rachlin reasserts its responses to Paragraphs 1 through 53 as set forth in this Answer.

76. Rachlin admits that this purports to be a cause of action for negligent supervision.

77. Rachlin denies the allegations in Paragraph 77.

78. Rachlin denies the allegations in Paragraph 77.

79. Rachlin denies the allegations in Paragraph 77.

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 • 305-536-1112

80. Rachlin denies the allegations of the Complaint not specifically admitted in this Answer.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a cause of action upon which relief can be granted because Plaintiff does not allege sufficient facts to support the elements of its claims. Rachlin was engaged to accomplish specifically identified, narrow accounting tasks. Plaintiff's First Amended Complaint fails to state what accounting work Rachlin was engaged to perform or to specify Rachlin's duty to Mirabilis. Further, any duty that Rachlin may have had to Plaintiff was not breached. Moreover, Plaintiff has suffered no damages because if Plaintiff was the recipient of stolen payroll trust fund taxes, as described in the First Amended Complaint, Plaintiff benefitted from these actions. Any claim of damages would be too attenuated to be recoverable.

2. This action is the product of a Chapter 11 Bankruptcy Petition that was unauthorized and filed in bad faith and should, therefore, be dismissed. If the Bankruptcy proceedings are dismissed, so too should be this adversary proceeding as the Chapter 11 Petition is the basis for federal court jurisdiction. The Bankruptcy case was filed to assist in the criminal case of Plaintiff's principal, Frank Amodeo, and is now being improperly used to fund the fees of professionals.

3. This action is barred by the doctrine of collateral estoppel. The Plaintiff has been indicted, and a judgment against Plaintiff will bar this action.

4. This action is barred by the doctrine of *in pari delicto*. The knowledge and actions of Plaintiff's principal, Frank Amodeo, are imputed to Plaintiff. Amodeo has already been convicted of tax fraud and admitted at his plea hearing that he knowingly and willingly violated federal tax laws in connection with the accounts described in the First Amended Complaint.

7

5.  This action is barred by fraud and illegality. Plaintiff's principal and agents, and their co-conspirators, engaged in intentional criminal misconduct. Plaintiff failed to disclose such fraud and illegality to Rachlin, and instead made active misrepresentations to engage Rachlin for the specific accounting work set forth in the engagement letters and bills from Rachlin to Mirabilis.

6.  Rachlin relied on other professionals involved with Plaintiff and their advice, including Plaintiff's audited financial statements.

7.  Any damages to Plaintiff were caused by the intentional criminal misconduct, recklessness and/or negligence of Plaintiff.

8.  Any damages to Plaintiff were caused by the intentional criminal misconduct, recklessness and/or negligence of third parties over whom Rachlin had no control, including Amodeo, Plaintiff's principal, his co-conspirators, and those who had knowledge of and participated in the criminal scheme described in the First Amended Complaint.

9.  This action is barred by the doctrine of equitable estoppel for the reasons set forth in these Defenses and Affirmative Defenses.

10. This action is barred because it is an unauthorized, *ultra vires* action by Plaintiff.

11. This cause of action is barred in whole or in part by the statute of limitations.

12. This action is barred in whole or part by the doctrine of laches.

WHEREFORE, Rachlin respectfully requests that Plaintiff's claims be denied and that the Court grant Rachlin such further relief that the Court deems just and proper.

8

## DEMAND FOR JURY TRIAL

Rachlin demands a jury trial in this action.

Respectfully Submitted,

TEW CARDENAS LLP
*Attorneys for the Defendants*
1441 Brickell Avenue
Four Seasons Tower, 15th Floor
Miami, FL 33131
Phone: (305) 536-1112
Fax: (305) 536-1116
E-Mail: JAD@tewlaw.com


_/s/Joseph A. DeMaria, Esq.___
C. Thomas Tew, P.A.
Florida Bar No. 098160
Joseph A. DeMaria, Esq.
Fla. Bar No. 764711
Jessica Frank, Esq.
Fla. Bar No. 0055839


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of February, 2010, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Todd K. Norman (tkn@stumplaw.com) and Roy Scott Kobert (orlandobankruptcy@broadandcassel.com), Broad and Cassel, 390 N. Orange Avenue, Suite 1400, Orlando, Florida 32801, and the undersigned also sent the foregoing via email to Robert C. Widman, Esq. (widmor48@mwk-law.com), Morris & Widman, P.A. 245 N. Tamiami Trail, Suite E, Venice, FL 34285.

/s/ Joseph A. DeMaria
JOSEPH A. DEMARIA, ESQ.

539061_1