UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

MIRABILIS VENTURES, INC.,
Bankruptcy Case No. 6:08-BK-04327-KSJ
_____/

MIRABILIS VENTURES, INC.,

      Plaintiff,

v.

RACHLIN COHEN & HOLTZ, LLP, a
Florida limited liability partnership nka
RACHLIN, LLP; LAURIE S. HOLTZ, an
individual; and JOSE I. MARRERO, an
individual,

      Defendants.
_____/

Case. No.: 6:09-cv-271-Orl-31DAB

## DEFENDANT LAURIE HOLTZ'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF MIRABILIS VENTURE, INC.'S SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant, Laurie Holtz ("Mr. Holtz"), hereby responds to the numbered paragraphs of Plaintiff, Mirabilis Ventures, Inc.'s ("Plaintiff"), Second Amended Complaint [D.E. 52] as follows:

### ANSWER

1. Mr. Holtz denies the allegations in Paragraph 1.

2. Mr. Holtz admits the allegations in Paragraph 2.

3. Mr. Holtz admits that Rachlin is a foreign professional association with a principal place of business in Dade County, Florida, but denies the remaining allegations in Paragraph 3.

4. Mr. Holtz denies the allegations in Paragraph 4.

5. Mr. Holtz denies the allegations in Paragraph 5.

### III. THE PARTIES AND OTHER RELEVANT ENTITIES

6. Mr. Holtz lacks specific knowledge to admit or deny the allegations in Paragraph 6.

7. Mr. Holtz admits the allegations in Paragraph 7.

8. Mr. Holtz admits that he is a resident of the State of Florida, but denies the remaining allegations in Paragraph 8.

9. Mr. Holtz lacks specific knowledge to admit or deny the allegations in Paragraph 9.

10. Mr. Holtz denies the allegations in Paragraph 10, and further alleges as the basis for his denial, the allegations set forth in Paragraph 1 of Mr. Holtz's Defenses and Affirmative Defenses.

### IV. THE SUNSHINE COMPANIES

11. Mr. Holtz lacks specific knowledge to admit or deny the allegations in Paragraph 11.

12. Mr. Holtz lacks specific knowledge to admit or deny the allegations in Paragraph 12.

13. Mr. Holtz lacks specific knowledge to admit or deny the allegations in Paragraph 13.

14. Mr. Holtz lacks specific knowledge to admit or deny the allegations in Paragraph 14.

15. Mr. Holtz lacks specific knowledge to admit or deny the allegations in Paragraph 15.

16. Mr. Holtz lacks specific knowledge to admit or deny the allegations in Paragraph 16.

17. Mr. Holtz lacks specific knowledge to admit or deny the allegations in Paragraph 17.

18. Mr. Holtz lacks specific knowledge to admit or deny the allegations in Paragraph 18.

### V. THE PRESIDION REORGANIZATION PLAN AND MIRABILIS VENTURES, INC.

19. Mr. Holtz lacks specific knowledge to admit or deny the allegations in Paragraph 19.

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 • 305-536-1112

20. Mr. Holtz lacks specific knowledge to admit or deny the allegations in Paragraph 20.

21. Mr. Holtz lacks specific knowledge to admit or deny the allegations in Paragraph 21.

22. Mr. Holtz lacks specific knowledge to admit or deny the allegations in Paragraph 22.

23. Mr. Holtz lacks specific knowledge to admit or deny the allegations in Paragraph 23.

24. Mr. Holtz lacks specific knowledge to admit or deny the allegations in Paragraph 24.

25. Mr. Holtz lacks specific knowledge to admit or deny the allegations in Paragraph 25.

26. Mr. Holtz lacks specific knowledge to admit or deny the allegations in Paragraph 26.

27. Mr. Holtz lacks specific knowledge to admit or deny the allegations in Paragraph 27.

28. Mr. Holtz lacks specific knowledge to admit or deny the allegations in Paragraph 28.

29. Mr. Holtz lacks specific knowledge to admit or deny the allegations in Paragraph 29.

## VI. INVOLVEMENT OF LAURIE HOLTZ IN MIRABILIS VENTURES, INC. AND ITS SUBSIDIARIES AND THE APPROVAL OF THE PBS PLAN

30. Mr. Holtz denies the allegations in Paragraph 30.

31. Mr. Holtz denies the allegations in Paragraph 31.

32. Mr. Holtz admits that a memorandum is attached as Exhibit "A" to the Second Amended Complaint that purports to detail preliminary tasks assigned to Holtz and Marrero under the Sunshine Companies Plan, but denies the remaining allegations in Paragraph 32.

33. Mr. Holtz admits that a letter is attached as Exhibit "B" to the Second Amended Complaint that purports to show Rachlin's involvement with Mirabilis, but denies the remaining allegations in Paragraph 33.

34. Mr. Holtz admits the allegations in Paragraph 34.

35. Mr. Holtz denies the allegations in Paragraph 35.

36. Mr. Holtz denies the allegations in Paragraph 36.

3

37.   Mr. Holtz lacks specific knowledge to admit or deny the allegations in Paragraph 37.

38.   Mr. Holtz lacks specific knowledge to admit or deny the allegations in Paragraph 38.

39.   Mr. Holtz lacks specific knowledge to admit or deny the allegations in Paragraph 39.

40.   Mr. Holtz lacks specific knowledge to admit or deny the allegations in Paragraph 40.

41.   Mr. Holtz admits that a general ledger is attached as Exhibit "D" to the Second Amended Complaint that purports to evidence payments, and Rachlin admits that it received payments from Mirabilis, but only to the extent to which Rachlin was engaged for specific accounting work, which is reflected by the retainer letters between Mirabilis and Rachlin and the bills from Rachlin to Mirabilis. Mr. Holtz denies the remaining allegations in Paragraph 41.

## VII. THE UNITED STATES OF AMERICA'S CIVIL FORFEITURE ACTION AGAINST MIRABILIS

42.   Mr. Holtz lacks specific knowledge to admit or deny the allegations in Paragraph 42.

43.   Mr. Holtz admits that subsequent to November 2006 the United States of America filed an *in rem* civil forfeiture action against Mirabilis, but denies the remaining allegations in paragraph 43.

44.   Mr. Holtz lacks specific knowledge to admit or deny the allegations in Paragraph 44.

45.   Mr. Holtz lacks specific knowledge to admit or deny the allegations in Paragraph 45.

46.   Mr. Holtz lacks specific knowledge to admit or deny the allegations in Paragraph 46.

47.   Mr. Holtz lacks specific knowledge to admit or deny the allegations in Paragraph 47.

48.   Mr. Holtz lacks specific knowledge to admit or deny the allegations in Paragraph 48.

49.   Mr. Holtz lacks specific knowledge to admit or deny the allegations in Paragraph 49.

50.   Mr. Holtz lacks specific knowledge to admit or deny the allegations in Paragraph 50.

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 • 305-536-1112

## VIII. COUNT I – PROFESSIONAL NEGLIGENCE (ALL DEFENDANTS)

51. Mr. Holtz reasserts his responses to Paragraphs 1 through 50 as set forth in this Answer.

52. Mr. Holtz admits that an accountant-client relationship existed at specific times material hereto, but only to the extent to which Rachlin was engaged for specific accounting work, as reflected by the retainer letters between Mirabilis and Rachlin and the bills from Rachlin to Mirabilis. Mr. Holtz denies the remaining allegations in Paragraph 52.

53. Mr. Holtz admits the allegations in Paragraph 53 to the extent that Mr. Holtz had a duty to use such skill, prudence, and diligence that other accountants of ordinary skill and capacity commonly possess and exercise in the performances of the specific tasks they were engaged to undertake, but Mr. Holtz denies the remaining allegations in Paragraph 53.

54. Mr. Holtz denies the allegations in Paragraph 54.

55. Mr. Holtz denies the allegations in Paragraph 55.

56. Mr. Holtz denies the allegations in Paragraph 56.

57. Mr. Holtz denies the allegations in Paragraph 57.

58. Mr. Holtz denies the allegations in Paragraph 58.

## IX. COUNT II – BRACH OF FIDUCIARY DUTY (ALL DEFENDANTS)

59. Mr. Holtz reasserts his responses to Paragraphs 1 through 58 as set forth in this Answer.

60. Mr. Holtz denies the allegations in Paragraph 60.

61. Mr. Holtz denies the allegations in Paragraph 61.

62. Mr. Holtz denies the allegations in Paragraph 62.

Tew Cardenas LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 • 305-536-1112

63. Mr. Holtz denies the allegations in Paragraph 63.

64. Mr. Holtz denies the allegations in Paragraph 64.

### X. COUNT III – NEGLIGENT MISREPRESENTATION (AGAINST RACHLIN)

65. Mr. Holtz does not respond to Paragraph 65 as it is not alleged against him.

66. Mr. Holtz does not respond to Paragraph 66 as it is not alleged against him.

67. Mr. Holtz does not respond to Paragraph 67 as it is not alleged against him.

68. Mr. Holtz does not respond to Paragraph 68 as it is not alleged against him.

69. Mr. Holtz does not respond to Paragraph 69 as it is not alleged against him.

70. Mr. Holtz does not respond to Paragraph 70 as it is not alleged against him.

71. Mr. Holtz does not respond to Paragraph 71 as it is not alleged against him.

### XI. COUNT IV – BREACH OF FIDUCIARY DUTY BY AIDING AND ABETTING (ALL DEFENDANTS)

72. Mr. Holtz reasserts his responses to Paragraphs 1-50 and 60-64 as set forth in this Answer.

73. Mr. Holtz denies the allegations in Paragraph 73.

74. Mr. Holtz denies the allegations of the Complaint not specifically admitted in this Answer.

### DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a cause of action upon which relief can be granted because Plaintiff does not allege sufficient facts to support the elements of its claims. Mr. Holtz was engaged to accomplish specifically identified, narrow accounting tasks. Plaintiff's Second Amended Complaint fails to state what accounting work Mr. Holtz was engaged to perform or to specify Mr. Holtz's duty to Mirabilis. Further, any duty that Mr. Holtz may have had to Plaintiff

Tew Cardenas LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 • 305-536-1112

was not breached. Moreover, Plaintiff has suffered no damages because if Plaintiff was the recipient of stolen payroll trust fund taxes, as described in the Second Amended Complaint, Plaintiff benefitted from these actions. Any claim of damages would be too attenuated to be recoverable.

2. This action is the product of a Chapter 11 Bankruptcy Petition that was unauthorized and filed in bad faith and should, therefore, be dismissed. If the Bankruptcy proceedings are dismissed, so too should be this adversary proceeding as the Chapter 11 Petition is the basis for federal court jurisdiction. The Bankruptcy case was filed to assist in the criminal case of Plaintiff's principal, Frank Amodeo, and is now being improperly used to fund the fees of professionals.

3. This action is barred by the doctrine of collateral estoppel. The Plaintiff has been indicted, and a judgment against Plaintiff will bar this action.

4. This action is barred by the doctrine of *in pari delicto*. The knowledge and actions of Plaintiff's principal, Frank Amodeo, are imputed to Plaintiff. Amodeo has already been convicted of tax fraud and admitted at his plea hearing that he knowingly and willingly violated federal tax laws in connection with the accounts described in the Second Amended Complaint.

5. This action is barred by fraud and illegality. Plaintiff's principal and agents, and their co-conspirators, engaged in intentional criminal misconduct. Plaintiff failed to disclose such fraud and illegality to Mr. Holtz, and instead made active misrepresentations to engage Mr. Holtz for the specific accounting work set forth in the engagement letters and bills from Rachlin to Mirabilis.

6. Mr. Holtz relied on other professionals involved with Plaintiff and their advice, including Plaintiff's audited financial statements.

Tew Cardenas LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 • 305-536-1112

7. Any damages to Plaintiff were caused by the intentional criminal misconduct, recklessness and/or negligence of Plaintiff.

8. Any damages to Plaintiff were caused by the intentional criminal misconduct, recklessness and/or negligence of third parties over whom Mr. Holtz had no control, including Amodeo, Plaintiff's principal, his co-conspirators, and those who had knowledge of and participated in the criminal scheme described in the Second Amended Complaint.

9. This action is barred by the doctrine of equitable estoppel for the reasons set forth in these Defenses and Affirmative Defenses.

10. This action is barred because it is an unauthorized, *ultra vires* action by Plaintiff.

11. This cause of action is barred in whole or in part by the statute of limitations.

12. This action is barred in whole or part by the doctrine of laches.

WHEREFORE, Mr. Holtz respectfully requests that Plaintiff's claims be dismissed and that the Court grant Mr. Holtz such further relief that the Court deems just and proper.

8

## DEMAND FOR JURY TRIAL

Mr. Holtz demands a jury trial in this action.

Respectfully Submitted,

TEW CARDENAS LLP
*Attorneys for the Defendants*
1441 Brickell Avenue
Four Seasons Tower, 15th Floor
Miami, FL 33131
Phone: (305) 536-1112
Fax: (305) 536-1116
E-Mail: JAD@tewlaw.com


/s/Joseph A. DeMaria, Esq.
C. Thomas Tew, P.A.
Florida Bar No. 098160
Joseph A. DeMaria, Esq.
Fla. Bar No. 764711
Jessica Frank, Esq.
Fla. Bar No. 0055839

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of April, 2010, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Todd K. Norman (tkn@stumplaw.com) and Roy Scott Kobert (orlandobankruptcy@broadandcassel.com), Broad and Cassel, 390 N. Orange Avenue, Suite 1400, Orlando, Florida 32801, and Robert C. Widman, Esq. (widmor48@mwk-law.com), Morris & Widman, P.A. 245 N. Tamiami Trail, Suite E, Venice, FL 34285.

/s/ Joseph A. DeMaria
JOSEPH A. DEMARIA, ESQ.

541278.1

9