**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

MIRABILIS VENTURES, INC.,
Bankruptcy Case No.: 6:08-bk-04327-KSJ
_____/

MIRABILIS VENTURES, INC.,

      Plaintiff,

vs.                                         **Case No.: 6:09-cv-271-Orl-31GAP-DAB**

RACHLIN COHEN HOLTZ, LLP, a
Florida limited liability partnership n/k/a
RACHLIN, LLP; LAURIE S. HOLTZ, an
individual,

      Defendants.
_____/

**JAMES MOORE & CO., PL'S RESPONSE**
**TO DEFENDANTS' MOTION TO COMPEL**

      COMES NOW James Moore & Co., PL, by and through its undersigned counsel and respectfully states as follows:

      1.     On October 29, 2010 Defendants, MarcumRachlin and Laurie S. Holtz, moved to compel Plaintiff, Mirabilis Ventures, Inc., to produce a confidential settlement agreement between Plaintiff and James Moore & Co., PL. See Doc. #62.

      2.     As Defendants correctly state, Plaintiff and James Moore & Co., PL entered into a **confidential settlement agreement** with regard to a case which commenced as an adversarial proceeding against James Moore & Co., PL in Bankruptcy Court, case number

6:08-ap-00228-KSJ, and was subsequently transferred to the Civil District Court's venue as case number 6:09-cv-176-Orl-310-AB.

3.  Defendants in the instant case are asking the Court to order Plaintiffs to provide information and/or documentation with regard to said confidential settlement agreement. Plaintiff, on the other hand, honoring the confidentiality of the agreement has declined to do so invoking the agreement's confidentiality clause.

## ARGUMENT

4.  James Moore & Co., PL, submits that the issue before the Court is governed by Rule 408 of the Federal Rules of Civil Procedure. However, to undersigned counsel's knowledge the Eleventh Circuit Court of Appeals has not decided the extent of Rule 408 regarding confidential settlement agreements one way or the other, i.e. if confidential agreements should be disclosed to non-negotiating parties. Significantly, federal courts are split with regard to said issue. In Hudspeth v. Commissioner of Internal Revenue Service, 914 F.2d 1207, 1213-14 (9th Cir. 1990), the Appellate Court stated that Rule 408 does apply to situations where the party seeking to introduce evidence of a compromise was not involved in the original compromise. The Court noted that two principles underlie Rule 408: 1) the evidence of compromise is irrelevant, since the offer may be motivated by a desire for peace, rather than any concession of weakness of position; 2) a more consistently impressive ground is promotion of the public policy favoring the compromise and settlement of disputes.

5.  The Eighth Circuit has also followed a cautious approach and has stated that the admission of evidence that a defendant settled a claim of a third-party arising out of the

same set of operative facts carries the inherent risk that such concession of liability is almost sure to be taken as an admission of fault. For this reason, even the circuits that construe Rule 408 narrowly view evidence of third-party settlements skeptically. See <u>Dahlgren v. First National Bank of Holdrege</u>, 533 F.3d 681, 699 (8th Cir. 2008), <u>rehearing and rehearing *en banc* denied August 22, 2008</u>.

6. In <u>Serina v. Albertson's, Inc.</u>, 128 F.R.D. 290, 293 (M.D. Fla. 1989), this Court's Tampa Division reiterated that Rule 408 declares inadmissible at trial evidence of offers and acceptances of compromises and conduct or statements made in compromise negotiations when offered to show liability or inability of a claim. The <u>Serina</u> court recognized that while Rule 408 is a rule of admissibility of evidence at trial, rather than one of discoverability, some courts have made reference of the policy of encouraging settlements embodied in Rule 408 in fashioning a standard to govern the discoverability of such information. It is also recognized in the same opinion that other courts have criticized this approach. However, James Moore & Co., PL, hereby reiterates that the Eleventh Circuit has not decided one way or another. Hence, this Honorable Court may follow the Eighth and Ninth Circuits and determine that the mere fact that there was a settlement entered to simply "buy peace", should not make the confidential agreement discoverable.

7. James Moore & Co., PL, respectfully submits that should the Court deem it proper, prior to ordering the discoverability to Defendants of any information and/or documentation regarding the confidential settlement agreement, that the Court conduct an *in camera* inspection where it can review the documentation and then decide whether or not Defendants should be entitled to said information/documentation. To the extent that the

Court may be inclined after an *in camera* inspection to produce the information and/or documentation to Defendants, then it is respectfully submitted that pursuant to the Defendants' own motion, that the confidential nature of the agreement be preserved by Defendants for all intents and purposes, including during trial in the above-styled case. Additionally, any filing related to the confidential settlement agreement should be under seal, as allowed by local rule 1.09.

WHEREFORE, James Moore & Co., PL, respectfully request this Honorable Court to take note of the above and deny the Defendants' request to compel the production of the confidential agreement. Should the Court order the production of the confidential agreement, it is respectfully submitted that the Court should issue an order specifically stating that Defendants are to keep the confidential nature of the agreement for all intents and purposes related to this litigation and not disclose it to anyone outside of the instant case.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of November, 2010 the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Todd K. Norman (tnorman@broadandcassel.com) and Roy Scott Kobert (rkobert@broadandcassell.com , Broad and Cassel, 390 N. Orange Avenue, Suite 1400, Orlando, Florida 32801. The undersigned also sent the foregoing via email to Robert C. Widman, Esquire (widmor48@mwk-law.com), Morris & Widman, P.A., 245 Tamiami Trail, Suite E, Venice, FL 34285, and Joseph A. De Maria, B.C.S

(jad@tewlaw.com), Tew Cardenas LLP, 1441 Brickell Avenue, 15 Floor, Miami, Florida 33131.

                                          /s/ Charles J. Meltz
                                          CHARLES J. MELTZ, ESQUIRE
                                          Florida Bar No. 985491
                                          cjmeltz@growerketcham.com
                                          JEANELLE G. BRONSON
                                          Florida Bar No. 266337
                                          jgbronson@growerketcham.com
                                          Grower, Ketcham, Rutherford, Bronson,
                                          Eide & Telan, P.A.
                                          P.O. Box 538065
                                          Orlando, FL  32853-8065
                                          Phone:(407) 423-9545; Fax: (407) 425-7104
                                          Attorneys for Defendants