**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

MIRABILIS VENTURES, INC.,
Bankruptcy Case No. 6:08-bk-04327-KSJ
_____/
MIRABILIS VENTURES, INC.

                Plaintiff,

v.

**Case No. 6:09-cv-271-Orl-31-DAB**

RACHLIN COHEN HOLTZ, LLP, a
Florida limited liability partnership n/k/a
RACHLIN, LLP; LAURIE S. HOLTZ, an
individual,

                Defendants.
_____/

**DEFENDANTS' MOTION TO RESCHEDULE MEDIATION IN COMPLIANCE WITH SECTION IV.E OF THE COURT'S CASE MANAGEMENT ORDER**

Pursuant to Local Rule 3.01 and Section IV.E. of the Court's November 9, 2009 Case Management and Scheduling Order (the "CMO"), Defendants MarcumRachlin, a division of Marcum LLP, f/k/a Rachlin Cohen & Holtz, LLP ("Rachlin" or "the Firm") and Laurie S. Holtz (collectively "Defendants") respectfully request that this Court reschedule mediation pursuant to paragraph IV.E.3 of the CMO [D.E. 26] and state as follows:

The CMO required the parties to mediate on or before November 30, 2010, and the Court selected Mr. Gregory P. Miles, Esq. as the mediator. Defendants have filed a Motion for Final Summary Judgment on Liability and Damages [D.E. 63]. On November

6, 2010, shortly after Defendants filed their summary judgment motion, undersigned counsel suggested to Plaintiff's counsel that the parties jointly seek permission of this Court to defer mediation until after the Court ruled upon the summary judgment motion. Undersigned counsel further stated that if the mediation was not extended, the Defendants would comply with the mediation rule and would appear through their lead counsel and representatives of Defendants. Undersigned counsel further informed Plaintiff's counsel that Defendants' insurer would be "available for consultation."[1] On November 17, 2010, Plaintiff's counsel responded that while it did not oppose extending the mediation deadline, it would not jointly move for an extension. Accordingly, since Plaintiff's counsel was not willing to make a joint request to this Court, undersigned counsel believed it more appropriate to proceed with the mediation in accordance with the CMO.

Section IV.E.3 of the CMO sets forth the attendance requirement for mediation. That section is different than Rule 9.05(c) of the Local Rules for the Middle District of Florida, governing the attendance requirements at mediations. In fact, it is clear that this Court crafted its CMO in a way that uses some provisions of the Local Rules without changes, while modifying other provisions. For example, while the CMO expressly refers to Local Rule 9.01(b) to describe the purpose of mediation, *see* Section IV.A, the CMO does not follow the Local Rules in connection with imposing a deadline for scheduling the mediation. While 9.05(d) allows the mediator to schedule the mediation

---

[1] After Plaintiff's counsel failed to respond to undersigned counsel's request, Defendants' counsel sent another request on November 14, 2010.

up until fourteen days before trial, Section IV.C of the CMO expressly changes that provision and does not empower the mediator to schedule the mediation beyond the deadline imposed in the order – in this case, November 30, 2010.

In connection with the attendance requirements for mediation, Section IV.E.3 of the CMO requires lead trial counsel to be present at the mediation, as well as a representative of the Defendants with "full authority to settle." After consulting with representatives of Defendant Rachlin and Defendant Holtz, Defendants agreed that Mr. Holtz would personally attend mediation on his own behalf, as well as being a representative of the Rachlin Firm. Mr. Holtz had full authority to settle this matter.[2]

On November 19, 2010, undersigned counsel contacted the mediator and informed Mr. Miles that counsel would be attending with Mr. Holtz. Undersigned counsel also wrote to Mr. Miles, providing the mediator with a copy of Defendants' summary judgment motion, as well as materials supporting Defendants' requirement under Rule 11, Fed.R.Civ.P., that Plaintiff dismiss this case at this time. The undersigned further informed Mr. Miles and Plaintiff's counsel that Defendants' settlement position was to enter into a joint stipulation of dismissal with prejudice, with the exchange of mutual general releases to end this litigation. Undersigned counsel specifically requested Plaintiff's counsel to provide Defendants with any legal authority refuting the summary judgment motion, so that such authority could be considered prior to mediation. Plaintiff's counsel chose not to do so.

---

[2] Further, Gary Gross, the acting managing partner of the Rachlin Firm, agreed to be available by telephone in the event that undersigned counsel and/or Mr. Holtz needed to consult with him. Additionally, a representative of Rachlin's liability insurance carrier, situated in Chicago, Illinois, agreed to be available by telephone in the event undersigned counsel needed to consult with the carrier.

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112

On November 30, 2010 undersigned counsel and Mr. Holtz traveled from Miami to Orlando to attend the mediation, scheduled at the office of Plaintiff's counsel. After Mr. Miles appeared, Plaintiff entered the mediation, represented by the liquidating agent, R.W. Cuthill, and Plaintiff's counsel, Roy Kobert and Todd Norman. Mr. Norman proceeded to read from Local Rule 9.05(c) and asserted that the Defendants were in violation of the Local Rule for failing to have an insurance adjuster present at the mediation. Mr. Norman further asserted that the Plaintiff would not proceed with the mediation and that he would be filing a motion for sanctions against Defendants for failing to have the insurance adjuster attend the mediation. After making that statement Messrs. Cuthill, Kobert and Norman left the mediation conference.

Plaintiff's reliance on Local Rule 9.05(c) is erroneous and is at odds with the Court's CMO. Contrary to Mr. Norman's recitation, Local Rule 9.05(c) is not the governing provision for the requirements of attendance. Instead, Section IV.E.3 of the CMO includes a specific requirement for participation by lead counsel and a representative of Defendants with full authority to settle, who must attend mediation.[3] Defendants complied with this Court's Order and there was no basis for any complaint by Plaintiff.

---

[3] The second sentence of Section IV.E.3 states that "[i]n the case of an insurance company, the term 'full authority to settle' means authority to settle for the full value of the claim or policy limits." Undersigned counsel believes that this provision applies in the case where an insurance company is a party to the action, such as a claim for bad faith against an insurer. This provision is different from Local Rule 9.05(c), which refers to "any other required claims professionals (insurance adjusters, etc.)." To the extent that Plaintiff's counsel intends to rely on section IV.E.3 to seek sanctions, Plaintiff's counsel has changed its position, because at the mediation, it only relied on Local Rule 9.05(c). Obviously, plaintiff's counsel did not appreciate the fact that Section IV.E.3 governed this mediation.

Further, the CMO expressly includes provisions that provide that only the mediator can "end the mediation," Section IV.E.4, and that permit the mediator to report any party who fails to comply with the CMO, relying on Local Rule 9.05(e). *See* Section IV.G of the CMO. Local Rule, 9.05(e) also empowers the mediator to permit the mediation conference to proceed "in the absence of a party who, after due notice, fails to be present." Therefore, even if Plaintiff's reliance on Local Rule 9.05(c) were correct, it was permissible for the mediation conference to proceed. Mr. Norman chose to read one section of the Local Rules, which is not the governing provision for the attendance at mediation, and to ignore other provisions of the Local Rules, which are incorporated into the CMO and which would have allowed the mediation to continue. It is clear from the Local Rules and this Court's CMO that it is the mediator who has the authority to control the mediation, not any party or counsel. Plaintiff arrogated to itself a right to ignore these rules and to walk out of the mediation. Plaintiff's conduct was an obvious ploy because they were not prepared to address Defendants' contention that any settlement of the case should be based on the proposition that this case should not survive summary judgment, and that Plaintiff and its counsel would be facing a request for sanctions if they did not terminate the litigation at this time. Plaintiff's counsel was trying to "buy time" rather than face the prospect of having to deal with these issues in a good faith manner at mediation. This mediation should have proceeded and it is Plaintiff's lead counsel who violated the express terms of the CMO by refusing to participate and unilaterally leaving the mediation.

In light of Plaintiff's premature termination of the mediation, the fact that Plaintiff was not prepared to deal with the substantive issues raised in Defendants' summary judgment motion and Defendants' demand under Rule 11 that this case be dismissed, and the fact that Plaintiff was not previously opposed to extending the deadline for mediation, Defendants at this time respectfully request the Court to enter an order extending the mediation deadline until the Court rules upon Defendants' summary judgment motion. Defendants respectfully submit that under the circumstances of this case, there is no prejudice to the Plaintiff and the extension should be granted.

Alternatively, if the Court does not believe it useful to extend the mediation deadline beyond the Court's ruling on the summary judgment motion, Defendants respectfully request the Court enter an order requiring Plaintiff to attend mediation at a time mutually convenient to Mr. Miles, the parties and counsel, and that the Court affirm under the CMO that defendants may participate through the personal attendance of lead counsel and Mr. Holtz.

### Certificate of Good Faith Conference

Undersigned counsel conferred with opposing counsel in a good faith effort to resolve the issues raised in this Motion. When Plaintiff's counsel left the mediation, he stated that he intended to move for sanctions due to the failure of the insurance adjuster to be present at the mediation. Undersigned counsel responded by referring to Section IV.E.3 of the COM, and suggesting a manner to resolve this issue. When undersigned counsel received no response from Plaintiff's counsel, we again contacted Mr. Norman. Instead of responding as required by the rule, Mr. Norman filed a motion to compel and

6

for sanctions [D.E. 74].  Accordingly, despite best efforts, this dispute could not be resolved, necessitating the filing of this Motion.[4]

>Respectfully submitted,
>
>s/Joseph A. DeMaria
>**Joseph A. DeMaria,**
>Board Certified Specialist-Business Litigation
>Florida Bar No. 764711
>TEW CARDENAS LLP
>1441 Brickell Avenue, 15th Floor
>Miami, Florida 33131
>Telephone:  (305) 536-1112
>Facsimile:  (305) 536-1116
>Email:      jad@tewlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **1st day of December, 2010**, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Todd K. Norman (tnorman@broadandcassel.com) and Roy Scott Kobert (rkobert@broadandcassel.com), Broad and Cassel, 390 N. Orange Avenue, Suite 1400, Orlando, Florida 32801.

>    s/Joseph A. DeMaria
>    JOSEPH A. DEMARIA, ESQ.

548310.1

---

[4] Section IVG and incorporated Local Rule 9.05(e) permit the imposition of sanctions for violation of the CMO.  Unlike Plaintiff's counsel, who was intent on terminating the mediation before it began and who has stated Plaintiff would seek sanctions against Defendants, undersigned counsel did not request Mr. Miles to seek the imposition of sanctions from Plaintiff.  Undersigned counsel believes that compliance with the *Ideals and Goals of Professionalism*, set forth by the Florida Bar and adopted by this Court in the CMO, requires parties to seek ways to reduce litigation.  Defendants have been complying with all of the applicable rules in an effort to present this case to this Court for final disposition, and will continue to do so.