102804

## October 28, 2004

Stellar Industries, Inc. is changed to Mirabilis Ventures, Inc. and sold to Yaniv Amar, who is issued the common stock in exchange for services.



EXHIBIT C

102804

Oct 28 04 09:58p                                                         p.1



DEAN HELLER
Secretary of State
204 North Carson Street, Suite 1
Carson City, Nevada 89701-4269
(775) 684-5708
Website: secretaryofstate.biz

C28003-03

**Certificate to Accompany Restated Articles**
(PURSUANT TO NRS)

FILED
OCT 28 2004

Dean Heller
Secretary of State

*Important: Read attached instructions before completing form.*

ABOVE SPACE IS FOR OFFICE USE ONLY

**This Form is to Accompany Restated Articles of Incorporation**
(Pursuant to NRS 78.403, 82.371, 86.221, 88.355 or 88A.250)
(This form is also to be used to accompany Restated Articles for Limited-Liability Companies, Certificates of Limited Partnership, Limited-Liability Limited Partnerships and Business Trusts)

1. Name of Nevada entity as last recorded in this office:
STELLAR INDUSTRIES, INC. Filed C28003-2003

2. The articles are being ☐ Restated or ☒ Amended and Restated (check only one). Please entitle your attached articles "Restated" or "Amended and Restated," accordingly.

3. Indicate what changes have been made by checking the appropriate box:*

☐ No amendments; articles are restated only and are signed by an officer of the corporation who has been authorized to execute the certificate by resolution of the board of directors adopted on _____. The certificate correctly sets forth the text of the articles or certificate as amended to the date of the certificate.

☒ The entity name has been amended.

☐ The resident agent has been changed. (attach Certificate of Acceptance from new resident agent)

☐ The purpose of the entity has been amended.

☐ The authorized shares have been amended.

☒ The directors, managers or general partners have been amended.

☐ IRS tax language has been added.

☒ Articles have been added.

☐ Articles have been deleted.

☒ Other: The articles or certificate have been amended as follows: (provide article numbers, if available)
1. Name Change to MIRABILIS VENTURES, INC.

*This form is to accompany Restated Articles which contain newly altered or amended articles. The Restated Articles must contain all of the requirements as set forth in the statutes for amending or altering the articles or certificates.

**IMPORTANT:** Failure to include any of the above information and submit the proper fees may cause this filing to be rejected.

*This form must be accompanied by appropriate fees. See attached fee schedule.*

Nevada Secretary of State AM RSTD Articles
Revised on: 10/27/03

102804



# CORPORATE CHARTER

I, DEAN HELLER, the duly elected and qualified Nevada Secretary of State, do hereby certify that STELLAR INDUSTRIES, INC. did on November 3, 2003 file in this office the original Articles of Incorporation; that said Articles are now on file and of record in the office of the Secretary of State of the State of Nevada, and further, that said Articles contain all the provisions required by the law of said State of Nevada;

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the Great Seal of State, at my office, in Carson City, Nevada, on November 13, 2003.

DEAN HELLER
Secretary of State

By: _____
Certification Clerk

102804

Oct 28 04 02:15p                                                                 p.3



DEAN HELLER
Secretary of State
204 North Carson Street, Suite 1
Carson City, Nevada 89701-4299
(775) 684-5708
Website: secretaryofstate.biz

C28003-03

FILED
OCT 28 2004

Dean Heller
Secretary of State

**Certificate of Amendment**
(PURSUANT TO NRS 78.380)

Important: Read attached instructions before completing form.   ABOVE SPACE IS FOR OFFICE USE ONLY

Certificate of Amendment to Articles of Incorporation
For Nevada Profit Corporations
(Pursuant to NRS 78.380 - Before Issuance of Stock)

1. Name of corporation:
STELLAR INDUSTRIES, INC.  File # C28003-2003



2. The articles have been amended as follows (provide article numbers, if available):
Name Change to MIRABILIS VENTURES, INC.
Attached new set of Articles of Incorporation.

3. The undersigned declare that they constitute at least two-thirds of the incorporators ☒, or of the board of directors ☐ (check one box only)

4. Effective date of filing (optional): _____ (must not be later than 90 days after the certificate is filed)

5. The undersigned affirmatively declare that to the date of this certificate, no stock of the corporation has been issued.

6. Signatures*:
_____Rob O'Williams_____     _____
         Signature                       Signature

*If more than two signatures, attach an 8 1/2x 11 plain sheet with the additional signatures.

IMPORTANT: Failure to include any of the above information and submit the proper fees may cause this filing to be rejected.

This form must be accompanied by appropriate fees. See attached fee schedule.
                                                   Nevada Secretary of State Form 78.380 2003
                                                                    Revised on: 10/29/03

ATTN: Ioana

561-361-3484
338-9608

## ARTICLES OF INCORPORATION
### Amended and Restated
(Pursuant to NRS, Chapter 78)

### ARTICLE I—NAME

The name of the corporation is MIRABILIS VENTURES, INC.

### ARTICLE II—RESIDENT AGENT NAME AND STREET ADDRESS

The name of the resident agent for services of process is XTREME BUSINESS SOLUTIONS, located at 3838 Raymert Drive Suite 3, Las Vegas, NV 89121-5247. The mailing address for the resident agent is P.O. Box 50729, Henderson, NV 89016.

### ARTICLE III—PURPOSE

The corporation is organized for the purpose of engaging in any lawful activity, within or without the State of Nevada.

### ARTICLE IV—SHARES OF STOCK

*Number of Shares*

The total number of shares of authorized capital stock of the corporation shall consist of seventy-five thousand (75,000) shares with no par value.

*Classes and Series*

Per NRS 78.035, the Board of Directors is authorized to fix and determine in a resolution the classes, series and numbers of each class or series as provided in NRS 78.195 and 78.196, with such voting powers, designations, preferences and rights or qualifications, limitations or restrictions thereof as shall be stated in the pertinent resolution or resolutions.

*No Preemptive Rights*

Holders of the common stock of the corporation shall not have any preference, preemptive right or right of subscription to acquire any shares of the corporation authorized, issued or sold, or to be authorized, issued or sold and convertible into shares of the corporation, nor to any right of subscription thereto, other than to the extent, if any, that the Board of Directors may determine from time to time.

*Non-Assessability*

The common stock of the corporation, after the amount of the subscription price has been paid, in money, property or services, as the Board of Directors shall determine, shall not

be subject to assessment to pay the debts of the corporation, nor for any other purpose, and no stock issued as fully paid shall ever be assessable or assessed, and the Articles of Incorporation shall not be amended in this particular.

*Debt Obligations Equivalent to Stock*

The holder of a bond, debenture or other obligation of the corporation may have any of the rights of a stockholder in the corporation.

## ARTICLE V—DIRECTORS

*Governing Board*

The members of the Governing Board of the corporation shall be styled as Directors.

*Initial Board of Directors*

The initial Board of Directors shall consist of one member. The name and address of the initial member of the Board of Directors is Gailie Hartman of 3838 Raymert Drive, Suite #3 Las Vegas, NV 89121. This individual shall serve as Director until the first annual meeting of the stockholders, until successor(s) shall have been elected and qualified, or until resigned pursuant to NRS 78.120.

*Change in Number of Directors*

The number of directors may be increased or decreased by a duly adopted amendment to the Bylaws of the corporation or by a resolution representing all or a quorum of the Governing Board, pursuant to NRS 78.115.

## ARTICLE VI—DIRECTORS' AND OFFICERS' LIABILITY

A director or officer of the corporation shall not be personally liable to this corporation or its stockholders for damages for breach of fiduciary duty as a director or officer, but this Article shall not eliminate or limit the liability of a director or officer for acts or omissions which involve fraud or a knowing violation of the law.

Any repeal, modification or amendment of this Article shall be prospective only and shall not adversely affect any limitation on the personal liability of a director or officer of the corporation for acts or omissions prior to such repeal or modification.

## ARTICLE VII—INDEMNITY

Every person who was or is a party to, or is threatened to be made a party to or is involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative, by reason of the fact that he or a person of whom he is the legal representative is or was a director or officer of the corporation, or is or was serving at the

request of the corporation as a director or officer of another corporation, or as its representative in a partnership, joint venture, trust or other enterprise, shall be indemnified and held harmless to the fullest extent legally permissible under the laws of the State of Nevada against any and all expenses, liability or loss (including attorney's fees, judgments, fines and amounts paid or to be paid in settlement) reasonably incurred or suffered by him in connection therewith. Such right of indemnification shall be a contract right which may be enforced in any manner desired by such person. The expenses of officers and directors incurred in defending a civil or criminal action, suit or proceeding must be paid by the corporation as they are incurred and in advance of the final disposition of the action, suit or proceeding, upon receipt of an undertaking by or on behalf of the director or officer to repay the amount if it is ultimately determined by a court of competent jurisdiction that he is not entitled to be indemnified by the corporation. Such right of indemnification shall not be exclusive of any other right which such directors, officers or representatives may have or hereafter acquire and, without limiting the generality of such statement, they shall be entitled to their respective rights of indemnification under any bylaw, agreement, vote of stockholders, provision of law or otherwise, as well as their rights under this Article.

Without limiting the application of the foregoing, the stockholders or Board of Directors may adopt by-laws from time to time with respect to indemnification to provide at all times the fullest indemnification permitted by the laws of the State of Nevada, and may cause the corporation to purchase and maintain insurance on behalf of any person who is or was an officer or director of the corporation, or is or was serving at the request of the corporation as director or officer of another corporation, or as its representative in a partnership, joint venture, trust or other enterprise against any liability asserted against such person and incurred in any such capacity or arising out of such status, whether or not the corporation would otherwise have the power to indemnify such person.

### ARTICLE VIII—AMENDMENTS

Except with respect to amending the non-assessability of shares per Article IV, this corporation reserves the right to amend, alter, change or repeal any provision contained in these Articles of Incorporation or its Bylaws in the manner now or hereafter prescribed by statute or by these Articles of Incorporation or by the corporation's Bylaws, and all rights conferred upon the stockholders are granted subject to this reservation.

### ARTICLE IX—POWERS OF DIRECTORS

In furtherance and not in limitation of the powers conferred by statute, the Board of Directors is expressly authorized:

1) Subject to the Bylaws, if any, adopted by the stockholders, to make, alter, or repeal the Bylaws of the corporation;
2) To authorize and cause to be executed mortgages and liens, with or without limit as to amount, upon the real and personal property of the corporation;

3) To authorize the guaranty by the corporation of securities, evidences of indebtedness and obligations of other persons, corporations and business entities;
4) To set apart out of any of the funds of the corporation available for distributions a reserve or reserves for any proper purpose and to abolish any such reserve;
5) By resolution, to designate one or more committees, each committee to consist of at least one director of the corporation, which, to the extent provided in the resolution or the Bylaws of the corporation, shall have and may exercise the powers of the Board of Directors in the management of the business and affairs of the corporation, and may authorize the seal of the corporation to be affixed to all papers which may require it. Such committee or committees shall have such name or names as may be determined from time to time by resolution adopted by the Board of Directors; and
6) To authorize the corporation by its officers or agents to exercise all such powers to do all such acts and things as may be exercised or done by the corporation, except and to the extent that any such statute shall require action by the stockholders of the corporation with regard to the exercising of any power or the doing of any such act or thing.

In addition to the powers and authorities herein or by statute expressly conferred upon them, the Board of Directors may exercise all such powers and do all such acts and things as may be exercised or done by the corporation, except as otherwise provided herein and by law.

ARTICLE X—NAME, ADDRESS AND SIGNATURE OF INCORPORATOR

Name:    Xtreme Business Solutions Inc.   Signature: _____
Address: P.O. Box 30729                              for XTREME BUSINESS SOLUTIONS, INC
         Henderson, NV 89016

CERTIFICATE OF ACCEPTANCE OF APPOINTMENT OF RESIDENT AGENT

I, XTREME BUSINESS SOLUTIONS, INC., hereby accept appointment as resident agent for the above-named corporation, as of November 3, 2009

_____
for XTREME BUSINESS SOLUTIONS, INC.

102804

# WRITTEN ACTION OF THE DIRECTORS
## OF
## MIRABILIS VENURES, INC.

October 28, 2004

The undersigned, being and constituting all of the Directors of MIRABILIS VENTURES, INC., a Nevada corporation (the "Corporation" or "MVI"), do hereby consent to the following actions to be taken without a meeting of the Board of Directors of this Corporation:

BE IT RESOLVED THAT this Corporation is authorized to issue 1,000 shares of common stock to Yaniv Amar in exchange for the provision of $100 of in-kind services, and other good and valuable consideration.

_____
Yaniv Amar, Director

011805.1
Page 1 of 1

| | |
|---|---|
| From: | tessah [tessah@matrixnetwork.net] |
| Sent: | Tuesday, January 18, 2005 9:39 AM |
| To: | Richard E. Berman |
| Subject: | Amodeo Structure |
| Attachments: | 011805 ltr Berman Structure.doc |

Please review the attached letter from Mr. Amodeo.

Also regarding the pending meeting ----Mr. Amodeo is requesting it to be set either this Thursday or next Wednesday or Thursday.

Please advise.

Thanks for all assistance.

Tessah Ivey

This e-mail contains PRIVILEGED AND CONFIDENTIAL information intended only for the use of the addressee (s) named above. If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this e-mail is strictly hibited. If you have received this e-mail in error, please notify us by reply e-mail and delete this e-mail from your records. Thank you for your cooperation.

4/14/2008

# WRITTEN ACTION OF THE DIRECTORS
## OF
## MIRABILIS VENURES, INC.

October 28, 2004

The undersigned, being and constituting all of the Directors of **MIRABILIS VENTURES, INC.**, a Nevada corporation (the "Corporation" or "MVI"), do hereby consent to the following actions to be taken without a meeting of the Board of Directors of this Corporation:

**BE IT RESOLVED THAT** this Corporation is authorized to issue 1,000 shares of common stock to Yaniv Amar in exchange for the provision of $100 of in-kind services, and other good and valuable consideration.

_/s/ Yaniv Amar_
Yaniv Amar, Director