UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

MIRABILIS VENTURES, INC.
Bankruptcy Case No. 6:08-bk-04327-KSJ

_____/

MIRABILIS VENTURES, INC.,

    Plaintiff,
v.                                                   CASE NO. 6:09-CV-271-Orl-31DAB

RACHLIN COHEN HOLTZ, LLP, a Florida
limited liability partnership n/k/a RACHLIN, LLP;
LAURIE S. HOLTZ, an individual,

    Defendants.

_____/

## PLAINTIFF'S MOTION FOR EXTENSTION OF TIME TO RESPOND TO DEFENDANTS' MOTION FOR SANCTIONS AND DENIAL OF COMPENSATION

Plaintiff, MIRABILIS VENTURES, INC. ("MVI"), pursuant to the Case Management and Scheduling Order entered in this matter on November 9, 2009 hereby requests that this Court extend the time for Plaintiff to respond to Defendants' Motion for Sanctions and Denial of Compensation and in support thereof states:

1. Defendants have a pending Motion for Summary Judgment which was filed on November 1, 2010. That motion seeks summary judgment on two limited bases: the application of the *in pari delicto* affirmative defense (which has two subparts) and an argument related to whether the damages asserted by Plaintiff are cognizable. It did not argue the entry of summary judgment based on the unavailability of evidence supporting Plaintiff's claims. This Court ordered Plaintiff file a response by December 6, 2010, which Plaintiff has done. In that response, Plaintiff made numerous arguments as to the inapplicability of *in pari delicto* based

4823-6350-9512.1
43582/0004
4840-4051-6872.1
BHG mw

either on the limits of that defense or numerous exceptions which have been recognized in the Eleventh Circuit, and in some limited circumstances, exceptions recognized elsewhere.

2. However, on November 11, 2010, **before** Plaintiff's response to Defendants' Motion for Summary Judgment was either due or prepared, Defendants sent a Rule 11 "Safe Harbour" notice with a draft of Defendants' Motion for Sanctions, seeking sanctions based on Plaintiff's response to the motion for summary judgment (which had not be drafted, let alone filed, at that time) asserting that if Plaintiff filed **any** response to Defendants' Motion for Summary Judgment, it would be sanctionable as *in pari delicto* provided an "absolute defense". Defendants' Motion for Sanctions does not cite one case or statute providing this as an absolute defense or asserting that all exceptions to *in pari delicto* are either invalid or unsupported by evidence. All of the case law cited is limited solely to the issue of sanctions, assuming that the arguments raised by Plaintiff must be sanctionable.

3. While Plaintiff does not seek a determination of whether such notice is valid under Rule 11 at this time, Plaintiff points out this procedural history so that it is clear that Defendants' Motion for Sanctions does not address the particular exceptions raised in Plaintiff's response (it could not as that reply was neither drafted nor filed at the time of the Motion for Sanctions) or provide argument on any exceptions. Thus, for Plaintiff to now reply to Defendants' Motion for Sanctions, Plaintiff would have no guidance as to what arguments Plaintiff needs to establish are not frivolous or as to why those arguments raised in Plaintiff's response are asserted to be frivolous.

4. Defendants' Motion for Sanctions was filed December 8, 2010[1] making Plaintiff's response currently due December 20, 2010.

---

[1] The filed Motion for Sanctions is substantially identical to the Motion for Sanctions that was served on Plaintiff on November 11, 2010 before Plaintiff's response was filed or even drafted.

2

5. Because of this procedural history, Plaintiff requests that this Court extend the time for Plaintiff to reply to Defendants' Motion for Sanctions until ten (10) days after this Court rules on Defendants' Motion for Summary Judgment.

6. The timing of determining Defendants' Motion for Sanctions is within the discretion of this Court. However, "Rule 11 sanctions 'normally will be determined at the end of litigation.'" *Baker v. Alderman*, 158 F.3d 516, 523 (11th Cir. 1998); *See also*, Federal Rule of Civil Procedure 11 Advisory Committee Notes (1983 Amendments) ("it is anticipated in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation."). Here the circumstances of this Motion for Sanctions weigh heavily in following this "normal" rule that Rule 11 sanctions issue be postponed until the conclusion of the litigation.

7. Specifically, judicial economy and the reduction of unnecessary motion practice will be maximized by following this "normal" rule of deciding Rule 11 motions at the end of the litigation. If this Court finds merit in Plaintiff's response to Defendants' Motion for Summary Judgment, judicial labor on this issue of sanctions will be unnecessary. The parties will not have to brief a moot issue and this Court will not have to rule on such arguments.

8. Further, if this Court grants summary judgment, it is likely it will explain it's reasoning in its order. This would provide the parties with a roadmap as to which issues the Court rejected and would provide guidance to the parties to brief only those issues from Plaintiff's response that the Court rejected. The parties' responses would be targeted to only those issues which require discussion and to allow the parties to ignore any issues that were well taken, again improving judicial efficiency.

9. Moreover, in following this "normal" rule of Rule 11 sanctions, Plaintiff would be provided a sufficient opportunity to consider and address the arguments Defendants make in their reply on the Motion for Summary Judgment as to why each of the exceptions Plaintiff argues is supposedly frivolous. While this may not correct the notice deficiencies of Defendants'

3

Motion for Sanctions, it would at least allow Plaintiff to make a meaningful and succinct argument as to why Plaintiff believes its positions are not frivolous. Otherwise, Plaintiff is left to do little more than restate the arguments already made in its response. Such a circumstance is both unfair to Plaintiff and wasteful of judicial resources.

10. For the foregoing reasons, Plaintiff requests that this Court extend the time for Plaintiff to respond to Defendants' Motion for Sanctions until ten (10) days after this Court rules on Defendants' Motion for Summary Judgment.

11. The granting of this motion would not affect any other deadlines in this matter and would not postpone the trial scheduled in this matter. It would also not prejudice Defendants in any manner.

12. The undersigned counsel conferred with Defendants' counsel in a good faith effort to resolve this motion. Defendants indicated that they oppose this extension and intend to file a response in opposition.

**WHEREFORE**, Plaintiff, Mirabilis Ventures, Inc., respectfully requests that the Court enter an Order allowing Plaintiff to file a response to Defendants' Motion for Sanctions ten (10) days after the Court's ruling on Defendants' Motion for Summary Judgment along with such other relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a on December 10, 2010, true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM.ECF system which will send a notice of electronic filing has been furnished 2010 to: Joseph A. DeMaria, Esquire, Tew Cardenas, LLP, Four Seasons Tower, 1441 Brickell Avenue, Suite 1500, Miami, Florida 33131.

        BROAD AND CASSEL
        Counsel for Mirabilis Ventures, Inc.
        390 N. Orange Avenue, Suite 1400
        Orlando, FL 32801
        Phone: 407-839-4200
        Fax: 407-425-8377

        */s/Todd K. Norman*
        TODD K. NORMAN
        Florida Bar No.: 62154
        tnorman@broadandcassel.com