**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

MIRABILIS VENTURES, INC.,
Bankruptcy Case No. 6:08-bk-04327-KSJ
_____/

MIRABILIS VENTURES, INC.

        Plaintiff,

**Case No. 6:09-cv-271-Orl-31GAP-DAB**

v.

RACHLIN COHEN HOLTZ, LLP, a
Florida limited liability partnership n/k/a
RACHLIN, LLP; LAURIE S. HOLTZ, an
individual,

        Defendants.
_____/

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION FOR <u>SANCTIONS AND DENIAL OF COMPENSATION</u>**

Defendants MarcumRachlin, a division of Marcum LLP, f/k/a Rachlin Cohen & Holtz, LLP ("Rachlin" or "the Firm") and Laurie S. Holtz (collectively "Defendants") oppose Plaintiff's, Mirabilis Ventures, Inc. ("Plaintiff" or "Mirabilis"), Motion for an Extension of Time to Respond to Defendants' Motion for Sanctions and Denial of Compensation ("Motion for Extension"), [D.E. 85], and state as follows:

On November 1, 2010, Defendants filed their Motion for Summary Judgment on Liability and Damages ("Motion for Summary Judgment"). [D.E. 63]. The Court ordered

Plaintiff to file any opposition to the motion by December 6, 2010, and for Defendants to file a reply memorandum on or before fourteen days later, December 20, 2010. *See* [D.E. 66].

On November 12, 2010, after previously requesting Plaintiff to dismiss this case in light of the lack of merit of the proceedings at this stage, Defendants served their Motion for Sanctions and Denial for Compensation ("Motion for Sanctions") pursuant to the twenty-one day safe harbor provision of Fed.R.Civ.P. 11(c)(2). That safe harbor period expired on December 3, 2010.

On December 6, 2010, Plaintiff chose to proceed with this litigation by serving its Response to Defendants' Motion for Summary Judgment. [D.E. 78]. Accordingly, on December 8, 2010, Defendants filed their Motion for Sanctions. [D.E. 82]. Pursuant to Section II.E of the Court's November 9, 2009 Case Management and Scheduling Order (the "CMSO"), [D.E. 26], Plaintiff is required to serve its opposition to the Motion for Sanctions on or before December 20, 2010.

Plaintiff's Motion for Extension seeks to defer filing any opposition to the Motion until ten days after this Court rules on the Summary Judgment Motion. [D.E. 85, ¶ 5]. Plaintiff asserts that an extension would provide "judicial economy and the reduction of unnecessary motion practice" by following a rule of "deciding Rule 11 motions at the end of the litigation." Plaintiff relies on *Baker v. Alderman*, 158 F. 3d 516 (11th Cir. 1998) to support its position. *Id.* at ¶¶ 6, 7.

As to the *Baker* decision, that court was simply addressing the **latest** time when a Rule 11 motion can be filed after the litigation has concluded. The Eleventh Circuit made no statement encouraging district courts to hold Rule 11 motions that are properly filed at an

2

earlier stage. Moreover, Plaintiff's claim that this Court's resolution of the summary judgment motion may render judicial labor "unnecessary" (*Id.* at ¶ 7) is incorrect because if the Court denies Defendants' summary judgment motion, it can summarily deny the Rule 11 motion. It is only Plaintiff's labor that the Motion for Extension seeks to avoid.

Plaintiff's claim that deferring its response to the Rule 11 motion "would provide the parties with a roadmap" (*Id.* at ¶ 8) is also inaccurate because Defendants have already asserted their position in support of the sanctions request by filing their motion. Again, it is only Plaintiff who seeks to benefit from an extension by waiting to craft a Rule 11 response around the Court's summary judgment order. Under the local rules, Defendants will have no opportunity to file a reply memorandum.

In contrast to Plaintiff's request, judicial economy and the interests of justice would be advanced by having Plaintiff respond to the Motion for Sanctions by December 20, 2010. Plaintiff will have had six weeks to consider the arguments raised in the Motion for Sanctions since it was first served on November 12, 2010 – more than three times the period a party is allowed to respond to a motion. Further, by requiring Plaintiff to file a response by December 20, 2010, the Court will have before it two fully briefed motions that it could resolve at the same time. If the Court grants Defendants' Motion for Summary Judgment and also finds that Plaintiff's continuation of this lawsuit beyond December 3 lacks merit, sanctions could then be imposed. If alternatively the Court denies the Motion for Summary Judgment, or finds that despite granting the Motion for Summary Judgment, Plaintiff's actions were not sanctionable, the Court could deny the Motion for Sanctions at that time as

well. Either way, judicial economy will be facilitated by requiring Plaintiff to respond by December 20, 2010.

Finally, Defendants have utilized the safe harbor provision of Rule 11 and the filing of the Motion for Sanctions to try to convince Plaintiff and its counsel to end this case. Even after filing the Rule 11 motion, Defendants offered not to pursue sanctions if Plaintiff dismissed this case by December 19, 2010 – before their response to the Rule 11 Motion is due. Defendants are therefore properly using the Rule to try to maximize Plaintiff's consideration of the risk of proceeding with this case at this stage. As the Eleventh Circuit held in *Avirgan v. Hull*, 932 F. 2d 1572, 1582 (11th Cir. 1991), "[w]hen it becomes apparent that discoverable evidence will not bear out the claim, the litigant and his attorney have a duty to discontinue their quest." And as this Court held in *Scelta v. Delicatessen Support Servs. Inc.*, 146 F. Supp. 2d 1255, 1270-72 (M.D. Fla. 2001), plaintiff's counsel clearly breached its duty to discontinue the litigation and "was guilty of, at least, recklessly asserting a frivolous argument."

Allowing the Plaintiff an indefinite extension of time and an opportunity to reconfigure it response to the Motion for Sanctions after reviewing the Court's order on summary judgment delays Plaintiff and its counsel's required compliance with their duty under Rule 11 to discontinue this case. By denying Plaintiff's Motion for Extension and requiring Plaintiff and its counsel to carefully consider the Motion for Sanctions over the next 10 days, the purpose of Rule 11 will be fulfilled. Accordingly, Defendants respectfully request this Court to deny Plaintiff's Motion for Extension and require Plaintiff to file its

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112

response to the Motion for Sanctions pursuant to the Court's CMSO on or before December 20, 2010.

Respectfully submitted,

s/Joseph A. DeMaria
**C. Thomas Tew, P.A.**
Florida Bar No. 098160
Email: tt@tewlaw.com
**Joseph A. DeMaria,**
Board Certified Specialist-Business Litigation
Florida Bar No. 764711
Email: jad@tewlaw.com
**TEW CARDENAS LLP**
1441 Brickell Avenue, 15th Floor
Miami, Florida 33131
Telephone: (305) 536-1112
Facsimile: (305) 536-1116

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this **10th day of December, 2010**, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Todd K. Norman (tnorman@broadandcassel.com) and Roy Scott Kobert (rkobert@broadandcassel.com), Broad and Cassel, 390 N. Orange Avenue, Suite 1400, Orlando, Florida 32801.

s/Joseph A. DeMaria
JOSEPH A. DEMARIA, ESQ.

548669.1