**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

MIRABILIS VENTURES, INC.,
Bankruptcy Case No. 6:08-bk-04327-KSJ

_____/

MIRABILIS VENTURES, INC.

           Plaintiff,

                                            **Case No. 6:09-cv-271-Orl-31GAP-DAB**

v.

RACHLIN COHEN & HOLTZ, LLP, a
Florida limited liability partnership n/k/a
RACHLIN, LLP; and LAURIE S. HOLTZ,
an individual,

           Defendants.

_____/

**DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY MEMORANDUM IN**
**SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE**
**THE TESTIMONY OF PAINTIFF'S EXPERT, BARRY J. EPSTEIN**

       Defendants MarcumRachlin, a division of Marcum LLP, f/k/a Rachlin Cohen &

Holtz, LLP ("Rachlin" or "the Firm") and Laurie S. Holtz ("Mr. Holtz"), pursuant to Rule

3.01(d) of the Local Rules for this Court, move for leave to file a Reply Memorandum of no

more than 10 pages in support of their Motion to Exclude Plaintiff's Expert Barry J. Epstein

from testifying at the trial in this matter.  The grounds supporting Defendants' request for

leave are as follows:

1.      On December 1, 2010, Defendants filed their Motion to Exclude the Testimony of Plaintiff's Expert, Barry J. Epstein ("Motion to Exclude Epstein"), through which it seeks to exclude Mr. Esptein's written opinion and deposition testimony because his methodology was unsound and because his opinion and testimony were based upon speculative and unsupported factual assumptions, thereby failing both the reliability and helpfulness standards of F.R.E. 702, under the test set forth by the Supreme Court of the United States in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny.  [D.E. 72].

2.      One of the major assumptions made by Mr. Epstein in formulating his opinion as to whether the Defendants breached their duty of care to Plaintiff is that Defendant Laurie Holtz *knew* that unpaid payroll taxes were being used to fund Mirabilis' operations from as early as 2006, if not sooner.  [D.E. 72, p. 15-17].  In support of that assumption, Mr. Epstein, in both his Report and his deposition, relied solely upon the testimony of Mirabilis' president, Mr. Cuthill, and his own inferences from that testimony. *See* Deposition of B. Epstein (a copy of which is attached to this Motion at Exhibit "A"), p. 167 ln. 20 – p. 170 ln. 9; p. 217 ln. 5 – p. 218 ln. 9; *see also* [D.E. 72, Ex. A, p. 8].

3.      In their Motion to Exclude Epstein, one of Defendants' arguments challenging the reliability and helpfulness of Mr. Epstein's opinion was that his assumption with regard to Mr. Holtz' knowledge was unsupported by the record, and based solely on testimony from one who lacks personal knowledge.  [D.E. 72, pp. 8, 15-17].

4.      On December 29, 2010, Plaintiff filed its Response to the Motion to Exclude Epstein.  [D.E. 92].  In an effort to support Mr. Epstein's assumption regarding Mr. Holtz'

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112

alleged knowledge of the failure to remit payroll taxes, Plaintiff, for the first time, relied on "testimony" from "three different parties" that was never presented to Mr. Epstein.  [D.E. 92, pp. 11-13].   That "evidence" includes the deposition testimony of Martin Flynn and Yaniv Amar, and an unsworn statement of Daniel Myers.  *Id.*

5.      Defendants seek leave to file a Reply Memorandum to briefly present to the Court the reasons why it was improper for Plaintiff to rely on the "evidence" from Messrs. Flynn, Amar and Myers in support of Mr. Epstein's opinion.  The primary reason why this Court should reject Plaintiff's proffer is that this testimony was *never* presented to Mr. Epstein and is nowhere relied upon in his written report or deposition testimony.  *See* [D.E. 72, Ex. A p. 50].  In fact, in his deposition Mr. Epstein specifically testified that he was *not* relying on Mr. Myers for his opinion related to funding for acquisitions in 2006, and that he was not relying on Mr. Amar at all.  (Ex. A, pp. 189 ln. 23 – p. 191 p. 19; 218 ln. 17 – p. 220 ln. 9).[1]   Plaintiffs' counsel is attempting to support its expert's conclusions by referencing alleged evidence that Mr. Epstein *did not rely on,* in an improper effort to support Mr. Epstein's opinion under F.R.E. 702 and *Daubert*.[2]

WHEREFORE, Defendants respectfully request leave of Court to file a Reply Memorandum of no more than 10 pages in support of their Motion to Exclude Epstein.

---

[1] Mr. Epstein also never referred to Mr. Flynn as a source in his deposition or his Report.

[2] Defendants also propose to briefly address Plaintiff's legally inaccurate argument that the unworn statement of Mr. Myers is admissible as a statement against penal interest.  *See* [D.E. 92, p. 12 n. 12].  Defendants will provide this Court with an analysis of the unsworn statement and show why it is inadmissible pursuant to F.R.E. 804(b)(3), as well as in violation of F.R.E. 602.  Further, Plaintiff failed to inform the Court that when he was deposed, Mr. Myers asserted his Fifth Amendment rights, including in response to questions about his unsworn statement.

3

Respectfully submitted,

s/Joseph A. DeMaria
**C. THOMAS TEW, P.A.**
Florida Bar No. 098160
tt@tewlaw.com
**JOSEPH A. DEMARIA**
Board Certified Specialist – Business Litigation
Florida Bar No. 764711
jad@tewlaw.com
**BRETT M. HALSEY**
Florida Bar No. 13141
bmh@tewlaw.com

**TEW CARDENAS LLP**
1441 Brickell Avenue, 15th Floor
Miami, Florida 33131
Telephone:  (305) 536-1112
Facsimile:   (305) 536-1116
*Attorneys for Defendants Rachlin Cohen &*
*Holtz, LLP and Laurie S. Holtz*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **12th** day of **January**, **2011**, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Todd K. Norman (tnorman@broadandcassel.com), Broad and Cassel, 390 N. Orange Avenue, Suite 1400, Orlando, Florida 32801, and to Robert C. Widman, Esq. (widmor48@mwk-law.com), Morris & Widman, P.A., 245 N. Tamiami Trail, Suite E, Venice, Florida 34285.

s/Joseph A. DeMaria
JOSEPH A. DEMARIA, ESQ.

549568.1