UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

MIRABILIS VENTURES, INC.
Bankruptcy Case No. 6:08-bk-04327-KSJ
Adversary Proceeding No. 6:08-ap-223-KSJ
_____/

MIRABILIS VENTURES, INC.,

   Plaintiff,

v.                                 CASE NO. 6:09-cv-271-Orl-31DAB

RACHLIN COHEN HOLTZ, LLP, a Florida
limited liability partnership n/k/a RACHLIN, LLP;
LAURIE S. HOLTZ, an individual,

   Defendants.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S EXPERT, BARRY J. EPSTEIN**

Plaintiff Mirabilis Ventures, Inc. ("Mirabilis" or "MVI") files this response to Defendants' *Motion to File Reply Memorandum in Support of Defendants' Motion to Exclude the Testimony of Plaintiff's Expert, Barry J. Epstein* (Doc. 93, "*Motion*").

1. The Defendants filed the *Motion* on January 12, 2011. However, Defendants' counsel did not confer with Plaintiff's counsel regarding the relief sought by Defendants' counsel in their *Motion* in violation of Local Rule 3.01(g).[1]  It is therefore unclear whether this issue could have been resolved without the necessity of court intervention.  However, Plaintiff's counsel represents that if Defendants' counsel would have conferred about the requested relief, Plaintiff's

---

[1] The *Motion* does not contain the required certificate of compliance.

2

counsel would have suggested that Defendants file a motion to strike any portions of *Plaintiff's Response to Defendants' Motion to Exclude the Testimony of Plaintiff's Expert, Barry J. Epstein ("Response")* that Defendants found objectionable.  In that scenario Defendants would file a motion to strike to which the Plaintiff could respond.  In the instant matter, Defendants are trying to raise a new issue to which the Plaintiff can not respond.  Perhaps this would have alleviated the issue or perhaps Defendants' counsel would have presented another option.  This is specifically why Local Rule 3.01(g) was created. On this violation alone the *Motion* should be denied.

2. As to the merits of the *Motion,* the *Motion* should also be denied.  The Defendants claim that in response to *Defendants' Motion to Exclude Testimony of Plaintiff's Expert Barry J. Epstein ("Daubert Motion")* that Plaintiff cites to additional facts that support Dr. Epstein's conclusions that Dr. Epstein did not consider.  This is simply not true.

3. As Defendants correctly point out, portions of Dr. Epstein's opinions are supported by the fact that Richard Berman knew of the plan to improperly utilize payroll taxes.[2]  As support to this fact, Dr. Epstein relied on evidence and documents provided by Mr. Cuthill, including testimony of Mr. Cuthill.

4. **After** Dr. Epstein's report was produced, additional *evidence* has been obtained that support the fact relied upon by Dr. Epstein that Mr. Berman knew of the payroll tax plan.[3]  The underlying *fact* relied upon by Dr. Epstein remains the same—Mr. Berman knew of the payroll

---

[2] Mr. Berman's knowledge is not the sole basis for Dr. Epstein's conclusions.  However, Mr. Berman's knowledge certainly adds additional support to certain of Dr. Epstein's conclusions.

[3] The additional evidence was developed after Dr. Epstein's report was drafted.  It is not as if Dr. Epstein could have utilized the evidence and chose to ignore it.  It wasn't available to him.

tax plan. The *Response* merely points out that additional *evidence* has been developed that support that fact that bolsters Dr. Epstein's conclusions.

5. In the *Daubert Motion*, Defendants state that Dr. Epstein's opinions are based on "baseless, unsupported factual assumptions" "without any corroboration from the record, and without any support from other sources." As shown in the *Response* Defendants' claims are untrue—the facts assumed are corroborated by the record evidence. The Defendants would now like the Court to ignore the evidence of record and strike portions of Dr. Epstein's testimony.

6. Furthermore, as stated in the *Response* an expert's role is not to prove the facts upon which he relies—it is to provide expert opinions about the facts. Mirabilis intends to prove each and every material fact upon which Dr. Epstein relies. "The pertinent inquiry under Rule 703 is whether the facts are of a type reasonably relied on by experts in the particular field." *Bauman v. Centes Corp.,* 611 F.2d 1115, 1120 (C.A. 5th 1980). Experts are permitted to base their conclusions on hypothetical facts. *See Kanaster v. Chrysler Corp.,* 199 F.2d 610, 618 (C.A. 10th 1952). "Under Rule 703 of the Federal Rules of Evidence, experts may rely on facts from firsthand knowledge or observation, information learned at the hearing or trial, and fact learned out of court." *Reis v. Barley, Snyder, Sneft & Cohen*, LLC., 2008 WL 2653670 *5 (E.D. Penn. 2008). It is a fact-finder's responsibility to "ultimately find the facts and determine what weight to give [the expert's] opinions and conclusions based upon the facts proven or not proven at trial." *Id.* at *7. Defendants' relief is not to strike Dr. Epstein's testimony it is "to object at trial and move to strike any opinions based upon hypothetical assumptions not established in the record." *Id*. at *8. The evidence Plaintiff cites in the *Response* demonstrate there will be assumptions not established by record evidence.

7. Finally, should this Court allow for a reply to the *Response*, Plaintiff should be allowed to respond to the reply. To allow otherwise would be to let Defendants an unpermitted second bite at the apple.

## Conclusion

Defendants' counsel failed to confer with Plaintiff's counsel in violation of Local Rule 3.01(g), which could have solved the issues raised in the *Motion*. For this reason alone, the *Motion* should be denied. However, even on the merits the *Motion* should be denied. The *Response* does not inject any new facts on which Dr. Epstein relies. It merely points out that Plaintiff's claim that the fact that Dr. Epstein relies upon to support portions of his opinion—the fact that Richard Berman knew of the payroll tax plan—is unsupported by record evidence is simply untrue. There is ample evidence to support the fact that Richard Berman had actual knowledge of the plan to divert payroll taxes. Furthermore, it is not the expert's role to prove the facts upon which he relies. He is allowed to rely on hypothetical facts and even facts learned of at trial. The appropriate remedy is to allow the Defendants to object and move to strike at trial any conclusions or opinions reached that are not supported by the record evidence. For the foregoing reasons, the *Motion* should be denied, and Dr. Epstein should be permitted to testify as an expert witness. If, however, the *Motion* is granted Plaintiff requests the ability to respond to the reply.

> **BROAD AND CASSEL**
> Counsel for Mirabilis Ventures, Inc.
> 390 North Orange Avenue, Suite 1400
> Orlando, Florida  32801
> Telephone:   407-839-4200
> Facsimile:    407-425-8377
> By:   */s/Todd K. Norman*
>       Todd K. Norman, Esquire
>       Florida Bar No. 0062154
>       tnorman@broadandcassel.com

4

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished this 13th day of January, 2011 via CM/ECF to all parties receiving electronic service, and via U.S. Mail to: Joseph A. DeMaria, Esquire, Tew Cardenas, LLP, Four Seasons Tower, 1441 Brickell Avenue, Suite 1500, Miami, Florida 33131.

By: */s/Todd K. Norman*
Todd K. Norman, Esquire
Florida Bar No. 0062154
tnorman@broadandcassel.com