**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE:  MIRABILIS VENTURES, INC.,
Bankruptcy Case No. 6:08-BK-4327

---

**MIRABILIS VENTURES, INC.,**

          **Plaintiff,**

-vs-                                                   **Case No. 6:09-cv-271-Orl-31DAB**

**RACHLIN COHEN & HOLTZ, LLP and**
**LAURIE S. HOLTZ,**

          **Defendants.**

---

## ORDER

This matter comes before the Court on the Motion in Limine to Exclude Evidence of Disgorgement of Laurie S. Holtz's Salary as a Director of Mirabilis (Doc. 131) filed by the Defendants and the response in opposition (Doc. 148) field by the Plaintiff, Mirabilis Ventures, Inc. ("Mirabilis").  The Defendants seek to preclude the introduction of evidence or testimony concerning Plaintiff's claim for disgorgement of $237,500 in salary received by Defendant Laurie Holtz ("Holtz") for his services as a director of Mirabilis.

**I.**     **Legal Standard**

The term "*in limine*" has been defined as "on the threshold; at the very beginning; preliminarily." *Luce v. U.S.*, 469 U.S. 38, 40, 105 S.Ct. 460, 462, 83 L.Ed.2d 443 (1984) (citing Black's Law Dictionary 708 (5th ed. 1979)).  A motion *in limine* seeks a protective order prohibiting the opposing party, counsel, and witnesses from offering offending evidence at trial, or

even mentioning it at trial, without first having its admissibility determined outside the presence of the jury. 75 Am. Jur. 2d Trial § 39 (2008). A motion *in limine* may be proper where the evidence at issue is highly prejudicial or inflammatory; where the evidentiary issue is significant and unresolved under existing law; where the issue involves a significant number of witnesses or volume of material, making it more economical to have it resolved prior to trial; or where the movant does not wish to object in the presence of the jury. *Id.* Motions *in limine* are disfavored; admissibility questions should ordinarily be ruled upon as they arise at trial. *Stewart v. Hooters of America, Inc.*, 2007 WL 1752843 at *1 (M.D.Fla. 2007). Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. *Id.* Denial of a motion *in limine* does not insure that the evidence contemplated by the motion will be admitted at trial. Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context. *U.S. v. Connelly*, 874 F.2d 412, 420 (7th Cir. 1989). A district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling, even if nothing unexpected happens at trial. *Luce*, 469 U.S. at 41, 105 S.Ct. at 463.

**II.     Analysis**

At various times, Holtz was employed by Mirabilis as an accountant and as a member of its board of directors.[1] The Defendants complain that Holtz has only been sued in his capacity as an accountant, not as a director, making it improper for the Plaintiff to assert a claim for disgorgement of the salary paid to him in his role as a director. The Plaintiff argues that the

---

[1] It is not clear from the record whether Holtz's employment and/or duties as an accountant ceased before he became a director.

Second Amended Complaint (Doc. 52) asserts claims against Holtz in both capacities. However, upon review, the Court finds that the Defendants are correct. The Second Amended Complaint contains numerous references to alleged improprieties committed by Holtz in his role as an accountant. For example, the introductory section of the pleading includes the following statements:

> Holtz and Marrero[2], as accountants/agents of Rachlin, provided tax advice and otherwise consulted with Mirabilis regarding the legality, treatment and use of the acquisition of other entities' payroll tax funds that were to be paid to the IRS as payroll taxes. . . . Due to the actions and inactions of the Defendants, Mirabilis sustained damages".

(Doc. 52 at 1-2).

> At all times material hereto Holtz was an employee and agent of Rachlin and his acts, representations, and omissions alleged herein were made within the course and scope of employment and that agency.

(Doc. 52 at 3).

> From 2005 through 2007, Defendants were paid substantial sums of money for consulting and tax advice given to Mirabilis.

(Doc. 52 at 4) (emphasis added). The introduction does not contain any similar statements regarding Holtz's service as a director.

As for the actual claims asserted in the Second Amended Complaint, in both the professional negligence count (Count I) and the breach of fiduciary duty count (Count II), the Plaintiff asserts that at all material times, "an accountant-client relationship existed" between Mirabilis and the Defendants," and that the Defendants breached the duty of care arising from that

---

[2] In addition to the current defendants, the Plaintiff originally sued another accountant at Holtz's firm, Jose Marrero. The claims against Marrero have been dismissed.

relationship. No mention is made of Holtz's directorship, or any duty arising from his role as a director. In addition, these counts were asserted against both Holtz and Marrero. Marrero did not serve on the board, further establishing that these claims are based on allegedly deficient performance as an accountant, not as a director.

By its very nature, Count III, a failure-to-supervise claim asserted against Holtz's accounting firm, clearly is based on performance as an accountant rather than a director. Count IV, which purports to assert a claim for "breach of fiduciary duty by aiding and abetting," includes allegations that all of the Defendants aided Amodeo by "consulting and advising Amodeo" about "these actions," and took steps to assist Amodeo in carrying out his plans by "preparing documents, attending meetings, reviewing documents, and consulting with other individuals." No mention is made of service on the board of directors or actions undertaken as a director. And, it should be noted, the claim is being asserted against all three defendants, only one of whom ever served on the board. This further confirms that the count was not intended to raise a claim of wrongdoing committed by a director.

Nothing in any of these counts suggests that Holtz is being sued in his capacity as a director, much less actually asserts a claim against him for actions taken in that role. The Plaintiff argues that, as to each count, it sought "forfeiture and disgorgement of all payments and benefits received by the Defendants from [Mirabilis]," thereby putting at issue Holtz's salary as a director. But such a vague reference in an *ad damnum* clause is not enough to raise a claim of breach of fiduciary duty *as a director*, or some other claim that, if proven, might entitle the Plaintiff to the equitable remedy of disgorgement in regard to the money it paid Holtz as a director.

The Plaintiff argues that the fact that evidence of Holtz's salary is admissible for other purposes, such as to rebut a claim that he performed only minimal duties as a director. The Court cannot resolve such questions outside the context of the trial itself. However, the Plaintiff will not be permitted to pursue a claim against Holtz for acts allegedly committed in his capacity as a director; and to the extent the evidence regarding his salary might be presented for that purpose, it will not be permitted.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 23, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party